## BARDES v. HAWARDEN BANK.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF IOWA.

No. 503. Submitted January 31, 1900. — Decided May 28, 1900.

The provisions of the second clause of section 23 of the Bankrupt Act of 1898 control and limit the jurisdiction of all courts, including the several District Courts of the United States, over suits brought by trustees in bankruptcy to recover or collect debts due from third parties, or to set aside transfers of property to third parties, alleged to be fraudulent as against creditors, including payments in money or property to preferred creditors.

The District Court of the United States can, by the proposed defendant's consent, but not otherwise, entertain jurisdiction over suits brought by trustees in bankruptcy to set aside fraudulent transfers of money or property, made by the bankrupt to third parties before the institution of the proceedings in bankruptcy.

THE case is stated in the opinion of the court.

*Mr. Clarence A. Brandenburg* for appellant.

*Mr. William Milchrist* for appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity, filed April 28, 1899, in the District Court of the United States for the Northern District of Iowa, sitting in bankruptcy, by Fred Bardes, a citizen of Iowa, as trustee in bankruptcy of the estate of Frank T. Walker, (who had by that court been adjudged a bankrupt upon his own petition,) against the First National Bank of Hawarden, Iowa, a corporation created and existing under the acts of Congress relating to national banks, and against citizens of Iowa and of South Dakota, to set aside a conveyance of goods, of the value of $3500, alleged to have been made by the bankrupt, within four months before the institution of the proceedings in bankruptcy, to the defendants, and to compel them to account for the goods or their proceeds, on the ground that the conveyance was in fraud of the provisions of the Bankrupt Act of July 1, 1898, and in fraud of the creditors of the bankrupt. The defendants demurred to the bill, upon the ground that the court could not take jurisdiction of the case. The court sustained the demurrer, and entered a final decree dismissing the bill for want of jurisdiction, but without prejudice to the plaintiff's right to institute proceedings in a court having jurisdiction. The plaintiff took an appeal directly to this court; and the District Judge certified that the bill was dismissed for want of jurisdiction only, and, to the end that this court might be fully advised in the premises, stated in his certificate the following questions as having arisen before him, namely:

"1st. Do the provisions of the second clause of section 23 of the act of Congress, known as the Bankrupt Act of 1898, control and limit the jurisdiction of all courts, including the several District Courts of the United States, over suits brought by trustees in bankruptcy to recover or collect debts due from third parties, or to set aside transfers of property to third parties, alleged to be fraudulent as against creditors, including payments in money or property to preferred creditors?

"2d. Can the District Court of the United States under any circumstances entertain jurisdiction over suits brought by trustees in bankruptcy to set aside fraudulent transfers of money

or property, made by the bankrupt to third parties before the institution of the proceedings in bankruptcy?

"3d. Can this court, being the District Court for the Northern District of Iowa, take jurisdiction over the suit as it now stands on the record?"

The record clearly shows, with perhaps unnecessary fulness, that the case was decided upon questions of jurisdiction only, and what those questions were. *Huntington* v. *Laidley*, 176 U. S. 668, 676, and cases there cited.

At a former day of this term, a certificate made by the District Judge of the same question, on which he desired the instruction of this court for his guidance, was dismissed by this court, because he was not authorized by the acts of Congress to make such a certificate before deciding the case. *Bardes* v. *Hawarden Bank*, 175 U. S. 526.

By the Bankrupt Act of July 1, 1898, c. 541, trustees in bankruptcy, appointed by the creditors of the bankrupt, or by the court of bankruptcy, take the place and are vested with the powers of assignees in bankruptcy under former bankrupt acts. Among the duties imposed upon such trustees by section 47, are to "(2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court." By section 70, the trustees, upon their appointment and qualification, are vested by operation of law with the title of the bankrupt, as of the date when he was adjudged a bankrupt, in all his property, excepting that exempt by law from execution and liability for debts, and including property transferred by him in fraud of his creditors. And by the fifth clause of section 67, "all conveyances, transfers, assignments or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act, subsequent to the passage of this act, and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay or defraud his creditors or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned or incumbered as aforesaid shall, if he be adjudged a bankrupt,

and the same is not exempt from execution and liability for debts by the law of his domicil, be and remain a part of the assets and estate of the bankrupt, and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same, by legal proceedings or otherwise, for the benefit of the creditors." 30 Stat. 557, 564, 565.

The present appeal from the final decree of the District Court, dismissing the bill for want of jurisdiction, distinctly presents for the decision of this court the question whether, under the act of 1898, a District Court of the United States, in which proceedings in bankruptcy have been commenced and are pending under the act, has jurisdiction to entertain a suit by the trustee in bankruptcy against a person holding, and claiming as his own, property alleged to have been conveyed to him by the bankrupt in fraud of creditors. This is a question of general importance, upon which there has been much difference of opinion in the lower courts of the United States.

Its determination depends mainly on the true construction of two sections of the Bankrupt Act of 1898, which it may be convenient to set forth in full, as follows :

"SEC. 2. CREATION OF COURTS OF BANKRUPTCY AND THEIR JURISDICTION.—That the courts of bankruptcy, as hereinbefore defined, viz., the District Courts of the United States in the several States, the Supreme Court of the District of Columbia, the District Courts of the several Territories, and the United States courts in the Indian Territory and the District of Alaska, are hereby made courts of bankruptcy, and are hereby invested, within their respective territorial limits as now established, or as they may be hereafter changed, with such jurisdiction, at law and in equity, as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers, and during their respective terms, as they are now or may be hereafter held, to (1) adjudge persons bankrupt who have had their principal place of business, resided or had their domicil within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof, or who do not have their principal place of business, reside or have their domicil within the United States, but have property within their

jurisdictions, or who have been adjudged bankrupts by courts of competent jurisdiction without the United States and have property within their jurisdictions; (2) allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates; (3) appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified; (4) arraign, try and punish bankrupts, officers and other persons, and the agents, officers, members of the board of directors or trustees, or other similar controlling bodies of corporations, for violations of this act, in accordance with the laws of procedure of the United States now in force, or such as may be hereafter enacted, regulating trials for the alleged violation of laws of the United States; (5) authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals, or trustees, if necessary in the best interests of the estates; (6) bring in and substitute additional persons or parties in proceedings in bankruptcy when necessary for the complete determination of a matter in controversy; (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided; (8) close estates, whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered; (9) confirm or reject compositions between debtors and their creditors, and set aside compositions and reinstate the cases; (10) consider and confirm, modify or overrule, or return with instructions for further proceedings, records and findings certified to them by referees; (11) determine all claims of bankrupts to their exemptions; (12) discharge or refuse to discharge bankrupts, and set aside discharges and reinstate the cases; (13) enforce obedience by bankrupts, officers and other persons to all lawful orders, by fine or imprisonment, or fine and imprisonment; (14) extradite bankrupts from their respective districts to other districts; (15) make such orders, issue

such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act; (16) punish persons for contempts committed before referee; (17) pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, appoint trustees, and, upon complaints of creditors, remove trustees for cause, upon hearings and after notices to them; (18) tax costs, whenever they are allowed by law, and render judgments therefor against the unsuccessful party, or the successful party for cause, or in part against each of the parties, and against estates, in proceedings in bankruptcy; and (19) transfer cases to other courts of bankruptcy. Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated." 30 Stat. 545.

" SEC. 23. JURISDICTION OF UNITED STATES AND STATE COURTS. —a. The United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants, corcerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant.

" c. The United States Circuit Courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offences enumerated in this act." 30 Stat. 552.

The question of the effect of these two sections, considering the language of each and their relation to one another, may be best approached by first referring to the terms and to the judicial construction of the Bankrupt Act of March 2, 1867, c. 176,

which was substantially reënacted in the Revised Statutes, and afterwards repealed; and by then comparing the provisions of that act, as so construed, with those of the existing act.

In the act of 1867, the provisions as to the jurisdiction of proceedings in bankruptcy, and as to the original jurisdiction of actions at law and suits in equity, were as follows:

"SEC. 1. That the several District Courts of the United States be, and they hereby are, constituted courts of bankruptcy, and they shall have original jurisdiction in their respective districts in all matters and proceedings in bankruptcy, and they are hereby authorized to hear and adjudicate upon the same according to the provisions of this act. The said courts shall be always open for the transaction of business under this act, and the powers and jurisdiction hereby granted and conferred shall be exercised as well in vacation as in term time, and a judge sitting at chambers shall have the same powers and jurisdiction, including the power of keeping order and of punishing any contempt of his authority, as when sitting in court. And the jurisdiction hereby conferred shall extend to all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy; to the collection of all the assets of the bankrupt; to the ascertainment and liquidation of the liens and other specific claims thereon; to the adjustment of the various priorities and conflicting interests of all parties, and to the marshalling and disposition of the different funds and assets, so as to secure the rights of all parties and due distribution of the assets among all the creditors; and to all acts, matters and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy." 14 Stat. 517; Rev. Stat. §§ 563, 711, 4972, 4973.

"SEC. 2. That the several Circuit Courts of the United States, within and for the districts where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act; and, except when special provision is otherwise made, may, upon bill, petition or other proper process, of any party aggrieved,

hear and determine the case in a court of equity. The powers and jurisdiction hereby granted may be exercised either by said court or by any justice thereof in term time or vacation. Said Circuit Courts shall also have concurrent jurisdiction with the District Courts of the same district of all suits at law or in equity, which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to or vested in such assignee." 14 Stat. 518; Rev. Stat. §§ 4979, 4986.

In *Lathrop* v. *Drake*, (1875) 91 U. S. 516, the jurisdiction conferred on the District Courts and the Circuit Courts of the United States by the Bankrupt Act of 1867 was defined by this court, speaking by Mr. Justice Bradley, as consisting of "two distinct classes: first, jurisdiction, as a court of bankruptcy, over the proceedings in bankruptcy, initiated by the petition, and ending in the distribution of assets amongst the creditors, and the discharge or refusal of a discharge of the bankrupt; secondly, jurisdiction, as an ordinary court, of suits at law or in equity, brought by or against the assignee in reference to alleged property of the bankrupt, or to claims alleged to be due from or to him." And the jurisdiction of the District and Circuit Courts over suits to recover assets of the bankrupt from a stranger to the proceedings in bankruptcy, brought by the assignee in a district other than that in which the decree in bankruptcy had been made, was upheld, not under the provisions of section 1 of that act, giving to the District Court original jurisdiction of proceedings in bankruptcy, and of section 2, giving to the Circuit Court supervisory jurisdiction over such proceedings; but wholly under the distinct clause of section 2, which gave to those two courts concurrent jurisdiction of all suits, at law or in equity, brought "by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to or vested in such assignee."

In an earlier case, it had been observed by Mr. Justice Clifford, delivering a judgment of this court dismissing an appeal from

a decree of the Circuit Court in the exercise of its supervisory jurisdiction in bankruptcy, that the jurisdiction conferred by the later clause was "other and different from the special jurisdiction and superintendence described in the first clause of the section;" was "of the same character as that conferred upon the Circuit Courts by the eleventh section of the Judiciary Act" of 1789, and was "the regular jurisdiction between party and party, as described in the Judiciary Act and the third article of the Constitution." *Morgan* v. *Thornhill*, (1870) 11 Wall. 65, 76, 80.

It was also repeatedly held by this court that the right of an assignee in bankruptcy to assert a title in property transferred by the bankrupt before the bankruptcy to a third person, who now claimed it adversely to the assignee, could only be enforced by a plenary suit, at law or in equity, under the second section of the act of 1867; and not by summary proceedings under the first section thereof, notwithstanding the declaration in that section that the jurisdiction in bankruptcy should extend "to the collection of all the assets of the bankrupt," and "to all acts, matters and things to be done under and in virtue of the bankruptcy" until the close of the proceedings in bankruptcy. *Smith* v. *Mason*, (1871) 14 Wall. 419; *Marshall* v. *Knox*, (1872) 16 Wall. 551, 557; *Eyster* v. *Gaff*, (1875) 91 U. S. 521, 525.

The jurisdiction of the courts of the United States over all matters and proceedings in bankruptcy, as distinguished from independent suits at law or in equity, was of course exclusive. But it was well settled that the jurisdiction of such suits, conferred by the second section of the act of 1867 upon the Circuit and District Courts of the United States for the benefit of an assignee in bankruptcy, was concurrent with that of the state courts. In *Eyster* v. *Gaff*, just cited, this court, speaking by Mr. Justice Miller, said: "The opinion seems to have been quite prevalent in many quarters at one time, that, the moment a man is declared bankrupt, the District Court which has so adjudged draws to itself by that act not only all control of the bankrupt's property and credits, but that no one can litigate with the assignee contested rights in any other court, except in so far as the Circuit Courts have concurrent jurisdiction, and

that other courts can proceed no further in suits of which they had at that time full cognizance; and it was a prevalent practice to bring any person, who contested with the assignee any matter growing out of disputed rights of property or of contracts, into the bankrupt court by the service of a rule to show cause, and to dispose of their rights in a summary way. This court has steadily set its face against this view. The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of those rights by the bankruptcy of his adversary. The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions. If it has for certain classes of actions conferred a jurisdiction for the benefit of the assignee in the Circuit and District Courts of the United States, it is concurrent with and does not divest that of the state courts."

Under the act of 1867, then, the distinction between proceedings in bankruptcy, properly so called, and independent suits, at law or in equity, between the assignee in bankruptcy and an adverse claimant, was distinctly recognized and emphatically declared. Jurisdiction of such suits was conferred upon the District Courts and Circuit Courts of the United States by the express provision to that effect in section 2 of that act, and was not derived from the other provisions of sections 1 and 2, conferring jurisdiction of proceedings in bankruptcy. And the jurisdiction of suits between assignees and adverse claimants, so conferred on the Circuit and District Courts of the United States, did not divest or impair the jurisdiction of the state courts over like cases.

The decisions of this court under the earlier bankrupt act of August 19, 1841, c. 9, are very few in number, and afford little aid in the decision of the present case. The one most often cited in favor of maintaining such a suit as this under the existing law is *Ex parte Christy*, (1845) 3 How. 292. But section 8 of the act of 1841 contained the provision (afterwards embodied in section 2 of the act of 1867, and above quoted,) conferring on the Circuit Courts concurrent jurisdiction with the District Courts of suits, at law or in equity, between assignees in bankruptcy and adverse claimants of property of the bankrupt.

5 Stat. 446. And Mr. Justice Story in *Christy's case* considerably relied on that provision. 3 How. 314. Moreover, the only point necessary to the decision of that case was that this court had no power to issue a writ of prohibition to the District Court sitting in bankruptcy; much of Mr. Justice Story's opinion in favor of extending the jurisdiction of that court at the expense of the state courts is contrary to the subsequent adjudication of this court in *Peck* v. *Jenness,* (1849) 7 How. 612; and in a still later case this court, speaking by Mr. Justice Curtis, said that the two former cases "are an illustration of the rule that any opinion given here or elsewhere cannot be relied on as a binding authority, unless the case called for its expression." *Carroll* v. *Carroll,* (1853) 16 How. 275, 287.

We now recur to the provisions of the act of 1898. This act has the somewhat unusual feature of inserting at the head of each section a separate title indicating the subject-matter.

Section 2 of this act is entitled "Creation of Courts of Bankruptcy and their Jurisdiction," takes the place of section 1 of the act of 1867, and hardly differs from that section, except in the following particulars:

First. It begins by describing the jurisdiction conferred on "the courts of bankruptcy" as "such jurisdiction, at law and in equity, as will enable them to exercise original jurisdiction in bankruptcy proceedings;" and it ends by declaring that "nothing in this section contained shall be construed to deprive a court of bankrupty of any power it would possess were certain specific powers not herein enumerated."

Second. It specifies in greater detail, matters which are, in the strictest sense, proceedings in bankruptcy.

Third. It includes, among the powers specifically conferred on the courts of bankruptcy, those to "(4) arraign, try and punish bankrupts, officers and other persons, and the agents, officers, members of the board of directors or trustees, or other similar controlling bodies of corporations, for violations of this act, in accordance with the laws of procedure of the United States now in force, or such as may be hereafter enacted, regulating trials for the alleged violation of laws of the United States;" "(6) bring in and substitute additional persons or parties in

proceedings in bankruptcy, when necessary for the complete determination of a matter in controversy ; (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided ; " and " (15) make such orders, issue such process, and enter such judgments, in addition to those specific-ally provided for, as may be necessary for the enforcement of the provisions of this act."

The general provisions at the beginning and end of this sec-tion mention " courts of bankruptcy " and " bankruptcy pro-ceedings."

Proceedings in bankruptcy generally are in the nature of proceedings in equity ; and the words " at law," in the opening sentence conferring on the courts of bankruptcy " such juris-diction, at law and in equity, as will enable them to exercise original jurisdiction in bankruptcy proceedings," may have been inserted to meet clause 4, authorizing the trial and punishment of offences, the jurisdiction over which must necessarily be at law and not in equity.

The section nowhere mentions civil actions at law, or plenary suits in equity. And no intention to vest the courts of bank-ruptcy with jurisdiction to entertain such actions and suits can reasonably be inferred from the grant of the incidental powers, in clause 6, to bring in and substitute additional parties " in pro-ceedings in bankruptcy," and, in clause 15, to make orders, issue process and enter judgments, " necessary for the enforcement of the provisions of this act."

The chief reliance of the appellant is upon clause 7. But this clause, in so far as it speaks of the collection, conversion into money and distribution of the bankrupt's estate, is no broader than the corresponding provisions of section 1 of the act of 1867 ; and in that respect, as well as in respect to the further provision authorizing the court of bankruptcy to " de-termine controversies in relation thereto," it is controlled and limited by the concluding words of the clause, " except as herein otherwise provided."

These words " herein otherwise provided " evidently refer to section 23 of the act, the general scope and object of which, as

indicated by its title, are to define the "Jurisdiction of United States and State Courts" in the premises. The first and second clauses are the only ones relating to civil actions and suits at law or in equity.

The first clause provides that "the United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy," (thus clearly recognizing the essential difference between proceedings in bankruptcy, on the one hand, and suits at law or in equity, on the other,) "between trustees as such and adverse claimants, concerning the property acquired or claimed by the trustees," restricting that jurisdiction, however, by the further words, "in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupt and such adverse claimants." This clause, while relating to the Circuit Courts only, and not to the District Courts of the United States, indicates the intention of Congress that the ascertainment, as between the trustee in bankruptcy and a stranger to the bankruptcy proceedings, of the question whether certain property claimed by the trustee does or does not form part of the estate to be administered in bankruptcy, shall not be brought within the jurisdiction of the national courts solely because the rights of the bankrupt and of his creditors have been transferred to the trustee in bankruptcy.

But the second clause applies both to the District Courts and to the Circuit Courts of the United States, as well as to the state courts. This appears, not only by the clear words of the title of the section, but also by the use, in this clause, of the general words, "the courts," as contrasted with the specific words, "the United States Circuit Courts," in the first and in the third clauses.

The second clause positively directs that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

Had there been no bankruptcy proceedings, the bankrupt might have brought suit in any state court of competent jurisdiction; or, if there was a sufficient jurisdictional amount, and the requisite diversity of citizenship existed, or the case arose under the Constitution, laws or treaties of the United States, he could have brought suit in the Circuit Court of the United States. Act of August 13, 1888, c. 866; 25 Stat. 434. He could not have sued in a District Court of the United States, because such a court has no jurisdiction of suits at law or in equity between private parties, except where, by special provision of an act of Congress, a District Court has the powers of a Circuit Court, or is given jurisdiction of a particular class of civil suits.

It was argued for the appellant that the clause cannot apply to a case like the present one, because the bankrupt could not have brought a suit to set aside a conveyance made by himself in fraud of his creditors. But the clause concerns the jurisdiction only, and not the merits, of a case; the forum in which a case may be tried, and not the way in which it must be decided; the right to decide the case, and not the principles which must govern the decision. The bankrupt himself could have brought a suit to recover property, which he claimed as his own, against one asserting an adverse title in it; and the incapacity of the bankrupt to set aside his own fraudulent conveyance is a matter affecting the merits of such an action, and not the jurisdiction of the court to entertain and determine it.

The Bankrupt Acts of 1867 and 1841, as has been seen, each contained a provision conferring in the clearest terms on the Circuit and District Courts of the United States concurrent jurisdiction of suits at law or in equity between the assignee in bankruptcy and an adverse claimant of property of the bankrupt. We find it impossible to infer that when Congress, in framing the act of 1898, entirely omitted any similar provision, and substituted the restricted provisions of section 23, it intended that either of those courts should retain the jurisdiction which it had under the obsolete provision of the earlier acts.

On the contrary, Congress, by the second clause of section 23

of the present Bankrupt Act, appears to this court to have clearly manifested its intention that controversies, not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustee in bankruptcy to assert a title to money or property as assets of the bankrupt against strangers to those proceedings, should not come within the jurisdiction of the District Courts of the United States, "unless by consent of the proposed defendant," of which there is no pretence in this case.

One object in inserting this clause in the act may well have been to leave such controversies to be tried and determined, for the most part, in the local courts of the State, to the greater economy and convenience of litigants and witnesses. See *Shoshone Mining Co.* v. *Rutter,* 177 U. S. 505, 511, 513.

Two or three minor provisions of the Bankrupt Act of 1898, sometimes supposed to be inconsistent with this conclusion, may be briefly noticed.

Section 26 provides that the trustee may, pursuant to the direction of the court of bankruptcy, submit to arbitration any controversy arising in the settlement of the estate, and that the award of the arbitrators "may be filed in court," evidently meaning the court of bankruptcy. But no such arbitration could be had without the consent of the adverse party to the controversy in question.

The powers conferred on the courts of bankruptcy by clause 3 of section 2, and by section 69, after the filing of a petition in bankruptcy, and in case it is necessary for the preservation of property of the bankrupt, to authorize receivers or the marshals to take charge of it until a trustee is appointed, can hardly be considered as authorizing the forcible seizure of such property in the possession of an adverse claimant, and have no bearing upon the question in what courts the trustee may sue him.

The supervisory jurisdiction over proceedings in bankruptcy, conferred by the act of 1867 upon the Circuit Courts of the United States, and by the existing act upon the Circuit Courts of Appeals, does not affect this case. 30 Stat. 553.

For the reasons above stated, we are of opinion that the questions of jurisdiction certified by the District Judge should be answered as follows:

Syllabus.

" 1st. The provisions of the second clause of section 23 of the Bankrupt Act of 1898 control and limit the jurisdiction of all courts, including the several District Courts of the United States, over suits brought by trustees in bankruptcy to recover or collect debts due from third parties, or to set aside transfers of property to third parties, alleged to be fraudulent as against creditors, including payments in money or property to preferred creditors.

" 2d. The District Court of the United States can, by the proposed defendants' consent, but not otherwise, entertain jurisdiction over suits brought by trustees in bankruptcy to set aside fraudulent transfers of money or property, made by the bankrupt to third parties before the institution of the proceedings in bankruptcy.

" 3d. The District Court for the Northern District of Iowa cannot take jurisdiction over this suit as it now stands on the record."

The result is that the decree of the District Court, dismissing the bill for want of jurisdiction, must be

*Affirmed.*