## In re FINLAY.

(District Court, S. D. New York. November 1, 1900.)

BANKRUPTCY—ADMINISTRATION OF ESTATE—SETTING ASIDE ASSIGNEE'S SALE.

Although it satisfactorily appears that a sale of property of bankrupts by an assignee to the wives of the bankrupts, the proceeds being subsequently turned over to the trustee in bankruptcy, is voidable, yet where the property has been resold, and such time has elapsed that it is doubtful whether the setting aside of the sale and the suit for an accounting thereby rendered necessary would result in any benefit to the estate, it will not be set aside at the instance of creditors, unless upon their giving a bond to indemnify the trustee for any loss which may result to the estate.

In Bankruptcy. On motion to set aside a sale of the bankrupt's property.

Stern, Singer & Barr and Myers, Goldsmith & Bronner, for the motion.

Weed, Henry & Meyers, opposed.

BROWN, District Judge. Had all the facts which appear on.this motion been ascertained and made known to the court on the previous application in February last, I should not have hesitated to set aside the sale. Without in any way impeaching the good faith of the assignee, there are too many cumulative circumstances indicative of unfair advantage, if not of positive fraud, in procuring the sale of the assets to the injury of creditors and to the advantage of the bankrupts through their wives, to permit the sale to stand. After the lapse of nearly eight months, the difficulty now is as respects the probability of any practicable relief that would afford any material benefit to the creditors. Assuming, as contended by the creditors, that the money used by the bankrupts' wives to purchase the stock was the money paid them by the bankrupts before the institution of bankruptcy proceedings, still under the decision of the supreme court in the case of Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, 4 Am. Bankr. R. 163, the payment of those moneys by the wives for the stock could. not be disregarded, nor could that money be retained by the trustee upon setting aside the sale, but it would have to be returned. The amount realized on the sale was about $4,800, of which the assignee received net about $4,500. Since that time the assignee's accounts have been passed, the assignee discharged and the moneys paid over to the trustee in bankruptcy. The actual value of the stock sold is not determined with any certainty. The estimates of the bankrupts upon which the value of $13,000 is now placed upon the stock, are by no means conclusive, or even satisfactory authority. According to the creditors' affidavits, there are no means of ascertaining how much of the stock was afterwards sold in New York, nor the amount of proceeds received therefor, before the balance was turned into the corporation known as the Finlay Company. For any relief, supposing I were to grant an order setting aside the sale, a bill in equity must be filed in the state court for an accounting as respects the goods or their proceeds, to which all persons concerned in the disposition of the goods subsequent to the sale and against whom relief was sought would be. necessary parties. After this lapse of time and the various changes that have occurred, I think the prosecution of such a suit would be attended with much labor and expense, and, looking at all the circumstances, I have so much doubt as respects any beneficial final result, that I think I ought not to set aside the sale except upon security given by the creditors to indemnify the trustee against any loss or expense occasioned thereby, or by the subsequent proceedings to recover assets. An additional reason for this is, that if there is any such fraud as would justify a retention by the trustee of the moneys paid by the wives, that same fraud would enable the trustee to recover from them directly at least the $4,000 paid to them by their husbands shortly prior to bankruptcy, without the burden

of establishing the further right to an accounting in a plenary suit for the goods or their proceeds. Should a bond as above provided be furnished within 20 days, an order may be entered setting aside the sale; otherwise the motion will be denied.