### REINHARD v. REINHARD.

JURISDICTION IN SUIT TO QUIET TITLE AGAINST TRUSTEE IN BANKRUPTCY.

The jurisdiction of a state court to declare a trust in and to quiet title to real estate, at the suit of a person in possession against a bankrupt and his trustee in bankruptcy, is not divested by the bankrupt act of 1898.

HEARD ON ERROR.

*John J. Stoddard* and *Lyman H. Innis*, for plaintiff, cited:

Bardes v. Bank, 178 U. S. 524, as establishing the following propositions:

First—That the powers conferred upon the courts by the bankruptcy act are: (a) Supervisory. (b) The determination of controversies at law and in equity.

Second—That all jurisdiction of the first class of matters is placed with the district courts.

Third—That all jurisdiction to try controversies as to property or ownership, the title to which is in dispute, between the trustee and third parties which is vested in the federal courts is vested in the circuit courts of the United States but subject to the provisions that (a) the parties must have diverse citizenship or (b) jurisdiction may be obtained by consent.

Fourth—That all other jurisdiction and authority over disputes between the trustee and third parties remains where it belongs by the fundamental law of the land, namely, in the state courts.

*Pugh & Pugh* and *T. E. Steele*, for defendant in error, Rector, Trustee.

SUMMERS, J.

The plaintiff seeks by this suit to have a trust declared in certain real estate in the city of Columbus, the title to which is in the name of her husband, the defendant, Henry A. Reinhard, and of which she avers she is in possession. She also asks to have the title transferred to her and to quiet her title against the trustee in bankruptcy of her husband.

The court of common pleas sustained a demurrer to the petition on the ground that it did not have jurisdiction of the subject matter and dismissed the plaintiff's petition.

We think the court erred and the judgment is reversed, the demurrer is overruled and the case is remanded for further proceedings.

In Eyster v. Gaff, 91 U. S. 521, 525, Mr. Justice Miller says: "The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of those rights by the bankruptcy of his adversary.

"The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions."

See also the cases cited in the opinion, and Bardes v. Bank, 178 U. S. 524 [20 S. Ct. Rep. 1000]; Bryan v. Bernheimer, 181 U. S. 188 [21 S. Ct. Rep. 557]; Wall v. Cox, 181 U. S. 244 [21 S. Ct. Rep. 642.

Black on Bankruptcy, page 124, commenting upon section 23 of the bankrupt law, says: "The bankruptcy act of 1867 contained no provisions conferring or recognizing jurisdiction in the state courts to entertain controversies between the assignee in bankruptcy and adverse claimants," and points out that section 23 was purposely so drawn to give no occasion of doubt, and he says the true rule is stated in Eyster v. Gaff, *supra*.