Summers, J.
The plaintiff seeks by this suit to have a trust declared ini certain real estate in the city of Columbus, the title to which is' in the name of her husband, the defendant Henry A. Rein-hard, and of which she avers she is in possession. She also-asks to have the title transferred to her and to quiet her. title against the trusted in bankruptcy of her husband.
.The court, of common pleas sustained a demurrer to the petition on the ground that it did not have jurisdiction of the-•subject matter' and dismissed the plaintiff’s petition.
We think the court erred and the judgment is reversed, the-demurrer is overruled and the case is remanded for further-proceedings.
In Eyster v. Gaff et al, 91 U. S., 521, 525, Mr. Justice Miller says, “The debtor of a bankrupt, or the man who contests-'the right to real or personal property with him, loses none of those rights' by the bankruptcy of his adversary.
■ “The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in< such actions.” '
See also the cases' cited in the opinion, and Bardes v. First Nat'l Bk., 178 U. S., 524; Bryan v. Bernheimer, 181 U. S., 188; Wall v. Cox, 181 U. S., 244.
Black on Bankruptcy, page 124, commenting upon section 23, .of the Bankrupt law says: “The bankruptcy act of 1867 contained no provisions conferring or recognizing jurisdiction in the state courts to entertain controversies between-the assignee in bankruptcy and adverse claimants,” and points-out that section 23 was purposely so drawn to give no occa *363 sion of doubt, and he says the true rule is stated in Eyster v. Gaff, supra.
John J. Stoddard, Lyman H. Innis, for Plaintiff in Error.
Pugh & Pugh, T. B. Steele, for Defendant intError, Rector, Trustee.

 John J. Stoddard, and Lyman H. Innis, for Plaintiff:
The case of Bardes v. Hawarden Bank, 178 U. S., 524, covers this case. The court in that case held: “That the jurisdiction of the courts of the United States over all matters and proceedings in bankruptcy as distinguished from independent suits at law or in equity was of course conclusive, but that the jurisdiction of such suits conferred by said act upon circuit and district courts of the United States- was concurrent with that of the state courts.”
And the Supreme Court then recurring to the provisions of the act of 1858, clearly and specifically declares that section 23 of that act, while relating to the circuit court only and not to the district courts of the United States, indicates the intention óf Congress that the ascertainment, as between the trustee in bankruptcy and a stranger to the bankruptcy proceeding, of the question whether certain property claimed by the trustee does or does not form part of the estate to be administered in bankruptcy, shall not be brought within the jurisdiction of the national courts solely because the rights of the bankrupt and of his credr itors have been transferred to the trustee in bankruptcy.”
2nd. That all jurisdiction of the first class of matters is placed with the District courts.
3rd. That all jurisdiction to try controversies as to property or ownership, the title to which is in dispute, between the trustee and third parties, which is vested in the federal courts.is vested in the circuit courts of the United States but subject to the provisions that (a) the parties must have diverse citizenship, or (b) jurisdiction may be obtained by consent.
The following propositions aré declared in this case: st. That the powers conferred upon'the courts by the bankruptcy act are: (a) Supervisory. (b) The determination of, controversies at law and in equity.
4th. That all other 'jurisdiction and authority over disputes between the trustee and third parties remains where it belongs by the fundamental law of the land, namely in the slate courts.
' This leaves all controversies between trustee and adverse claimants to be determined in the U. S. Circuit Courts when the diversity of citizenship exists or when the parties mutually consent, qtherwise such controversies can only be determined in the state courts. The citizenship would not warrant him in going to the U. S. Court. If the trustee cannot bring a suit to sell this property in any other than the common pleas court of this county, then there can be no power in the U. S. Circuit Court to take jurisdiction of-a suit brought by Mrs. Reinhard .to free her title to her property from the cloud caused by the facts alleged in her petition, and there is no jurisdiction and no court in which *364 she can bring her suit except the common- pleas of Franklin county. The bankruptcy act confers no right whatever upon her to invoke the jurisdiction or authority of the U. S. Courts to maintain her rights in this controversy.
.The bankruptcy act nowhere authorizes her to bring this suit in the federal courts. It does authorize the trustee to bring the suit in the federal courts with the aforesaid restriction. If she could not bring her action in this court, then she can bring it nowhere and she is deprived of due process of law. Her right to have her property free from the cloud now upon its title is taken from her and her property rendered entirely valueless. It cannot be sold by her and she 'cannot put the title in condition to make it merchantable, thus amounting to a confis.cát'ióñ of her property. She is deprived of her property without due pfddes's of law. There is no process left to her by which to maintain her right to the property and this case falls within Art. 5 of the U. S'. ■Constitution. '
"The trustee never had possession of this- property, he never even had constructive possession. The petition shows that it was never in the 'possession of Mr. Reinhard, and never having been in his possession, constructive possession' could not have passed to the trustee. The suit is brought against Mr. Reinhard to determine title and to enjoin the trustee from obstructing or interfering with the title. This ca'áe is clearly distinguishable from all cases that have ever been decided which permitted the’federal courts to maintain control over property of' the bankrupt. In all of those cases, the bankrupt was in actual possession and suits had been brought to take possession away from him, .and'the powers of the federal courts in such suits- have been largely restricted by the U. S. Supreme Court.