SINSHEIMER et al. v. SIMONSON et al.

(District Court, D. Kentucky. January 19, 1901.)

BANKRUPTCY—VOLUNTARY ASSIGNMENT—PARTIES—ASSIGNEE—JURISDICTION.

The assignee in a voluntary assignment was made a party to bankruptcy proceedings, and, after a full response was submitted therein, the referee, in June, ruled him to turn over certain assets to the trustee. Afterwards the assignee petitioned the court to review such ruling, and the court referred the case to a referee to ascertain certain facts. On November 10th the assignee tendered to the referee an amended response objecting to the jurisdiction of the court, but on its refusal by the referee the amended response was not tendered to the court until December 22d. *Held*, that the assignee, by failing to make timely objection, and by meanwhile making certain claims for compensation, had submitted to the jurisdiction of the court, and had waived the right to object.

In Bankruptcy. Petition by the assignee to review a ruling of the referee, and tender of an amended response by the assignee objecting to the jurisdiction. See 96 Fed. 579.

M. A., D. H. & J. G. Sachs, for L. Comingor, assignee.
Augustus E. Willson, for Louisville Trust Co., trustee.

EVANS, District Judge. The referee, at the instance of the trustee in this case, and after full written response, in June, 1900, ruled the assignee, L. Comingor, to pay to the trustee, as part of the as-

sets of the bankrupts, certain funds in his hands acquired under the voluntary assignment to him, which was the sole basis of the adjudication of bankruptcy in this case. The court was soon afterwards, upon the petition of Comingor, asked to review this ruling of the referee. Pending a decision of that question, and in order to acquire fuller information, the court on July 16, 1900, referred the case to the referee for the ascertainment of certain specific facts bearing thereon. The referee filed a report in response to that order which, together with the other testimony, to say the least, discloses a remarkable state of facts, but which I shall not notice in detail. Since this last report was made, in December, 1900, and still pending the consideration of the original petition for a review, the assignee, Comingor (who, it may be remembered, was actually a party to the original bankruptcy petition), has tendered to the court an amended response, in which the claim is made for the first time (although, probably, in perfect fairness, the claim might be considered as relating back to November 10, 1900, when the amended response was offered to be filed before the referee, who declined it because he was hearing evidence only under the special order of July 16, 1900) that the court has not jurisdiction of this proceeding against Comingor, because, it is presumed, of the ruling of the supreme court of the United States in the case of Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, and possibly because of the ruling of the circuit court of appeals for this circuit in the recent case of In re Nugent, 105 Fed. 581. Without entering into an argument upon the subject, it may suffice to say that it does not seem to me that the case before me is reached, in principle, by the Bardes Case; and, while I have not seen the opinion of the court in the Nugent Case, it is well known to me that the facts are very different from the facts in this case. But, whether the case would come within that of Bardes v. Bank or not, Comingor has in no way claimed any adverse right, as owner, to the fund which he received by the act of bankruptcy on which the adjudication herein was made, and the state court has long since surrendered to the trustee all of the fund so derived; but Comingor thinks something should be allowed to him for compensation for what he has done in the administration of the trust before the adjudication in bankruptcy, and for certain expenses incurred therein, in the way of attorney's fees. He submitted himself to the jurisdiction of this court in these proceedings upon these questions, and insisted in his original response, filed in June, 1900, that he should, in equity and justice, be allowed to retain an amount sufficient to cover his own compensation and the sums which he claims to have paid to his attorneys, the Messrs. Sachs. It was concerning these claims thus submitted without objection to the jurisdiction and judgment of this court, and after a decision thereon by the referee, that the reference of July 16, 1900, was made. But for the peculiar character of the services alike of Comingor and his said counsel, the trust fund would have been larger by an amount very much greater than the sums they claim, and could in that event have well afforded to be taxed with what they

ask. In that case the justice of so taxing it would be manifest. I think, under these circumstances, that the Bardes Case does not apply; and, without knowing the reasoning of the court in the Nugent Case, I assume, from my knowledge of the facts, of that case, that it cannot apply here, particularly as Nugent made timely objection to the jurisdiction of the court.

But whether or not, in the abstract, the general principles announced in those cases would otherwise govern in the matter now before the court, I think that by the failure of Comingor to interpose any objection to the jurisdiction of the court or to the form of procedure during the long pendency of this proceeding against him, namely, between the time it was begun, in June, 1900, and November 10, 1900, or, what is probably accurate, December 22, 1900, there was a consent upon his part to the jurisdiction of the court, and a waiver of all objection to this proceeding based upon that ground. It seems to me that this conclusion is sound, and that it is demonstrated to be so by the reasoning of Judge Lowell in his opinion in Re Steuer (D. C.) 104 Fed. 976, and by the authorities he cites. Litigants objecting merely to the forum or to the mere form of a proceeding must do so seasonably and promptly, or the objection is waived. During the entire course of the proceeding, and up to November 10, 1900 (indeed, possibly up to December 22, 1900), Comingor submitted himself without objection to the jurisdiction of the court, and was seeking to convince it of the justice of his claim to the compensation and expenses alluded to. The court would be strongly inclined to allow something upon each of these items, were it not that the facts shown by the evidence perfectly satisfy the court that the services both of Comingor and of his counsel, instead of benefiting the trust estate, were most injurious thereto, and that, instead of intending to benefit the trust, both Comingor and his counsel rather purposed to benefit somebody else. The court is not inclined, under the circumstances, to write with a strong pen about these facts; but the evidence is very clear and satisfactory that such a state of case exists as to forbid a court, when trying the question upon its merits, to allow to persons whose relations to the trust fund were such as were those of these parties any compensation out of that fund for services such as are claimed for in this instance. Without undertaking to go in detail into the reasons for the conclusion, the court will dismiss the petition for a review of the action of the referee in this regard, and will approve and confirm that action. Proper orders can accordingly be prepared.