### REAL ESTATE TRUST CO. et al. v. THOMPSON et al.

(District Court, E. D. Pennsylvania. January 28, 1902.)

#### No. 1,015.

DISTRICT COURT—JURISDICTION—EQUITY—BANKRUPTCY.

Where a debtor transferred all his property employed in trade to a corporation formed to continue the business, in exchange for stock of such corporation, and the corporation is afterwards adjudged a bankrupt, the federal district court has not jurisdiction to entertain a plenary suit in equity by a prior creditor to appropriate the property so transferred to the payment of his claim, or to permit him to prove his claim as against such bankrupt corporation.

112 F.—60

In Bankruptcy. Demurrer to bill in equity.

C. Berkley Taylor, for complainant.
J. P. Crittenden, for respondents Thompson's Sons.
Julius C. Levi, for respondent Aaron Gans, trustee and assignee.

J. B. McPHERSON, District Judge. Several years ago Benjamin Thompson and E. O. Thompson, Jr., two of the defendants in this bill, who were then in partnership, had certain transactions with E. O. Thompson, their father, whose executors are the complainants. As a result of these transactions, three promissory notes were given to the decedent by his sons, and these notes are still unpaid. Afterwards the partnership was dissolved, and a corporation was organized in the interest of Benjamin Thompson, to which all his property employed in trade was transferred by bills of sale in exchange for stock of the corporation, no money being paid by the corporation. About a year thereafter the corporation became insolvent, and made an assignment for the benefit of creditors, and afterwards was duly adjudged a bankrupt in this court, the election of a trustee following in due course. The bill now under consideration is a plenary suit in equity against the two sons, formerly trading as E. O. Thompson's Sons, and against the corporation and its assignee and trustee, asking that process issue to bring all the defendants into court to answer the bill of complaint and to conform to such decree as the court may make; asking, further, that the debt alleged to be due to the complainants may be liquidated and established; that the bills of sale of Benjamin Thompson's property to the corporation may be declared fraudulent and void, because they were intended to hinder, delay, and defraud creditors; that an account may be stated, showing how much of this property passed either by assignment or by the proceedings in bankruptcy, and that the trustee in bankruptcy may be directed to pay the proceeds of such portion of the property to the complainants as preferred creditors; or, in the alternative, that the complainants may be declared to be common creditors of the bankrupt, and entitled to share in the assets of the corporation, because by the bills of sale the assets of the partnership were fraudulently commingled with the assets of the corporation.

Among other objections, the demurrer raises the question whether the district court, as a court of bankruptcy, has jurisdiction to entertain such a proceeding. I am clearly of opinion that this question must be answered in the negative. Unless the bankrupt act has conferred jurisdiction upon the district court to entertain a plenary suit in equity, such a suit cannot be maintained. The district court does not possess the general power to entertain a suit in equity. In special instances the jurisdiction has been given (Rev. St. § 563), but, unless there is an express grant of power, the right to entertain such a suit does not exist. That no such jurisdiction has been conferred by the bankrupt act appears clearly, I think, from the following passage in the opinion deciding Bardes v. Bank, 178 U. S. 535, 20 Sup. Ct. 1005, 44 L. Ed. 1175:

"Proceedings in bankruptcy generally are in the nature of proceedings in equity, and the words 'at law,' in the opening sentence (of section 2), conferring on the courts of bankruptcy 'such jurisdiction, at law and in equity, as will enable them to exercise original jurisdiction in bankruptcy proceedings,' may have been inserted to meet clause 4, authorizing the trial and punishment of offenses, the jurisdiction over which must necessarily be at law, and not in equity. The section nowhere mentions civil actions at law or plenary suits in equity; and no intention to vest the courts of bankruptcy with jurisdiction to entertain such actions and suits can reasonably be inferred from the grant of the incidental powers in clause 6, to bring in and substitute additional parties 'in proceedings in bankruptcy,' and in clause 15, to make orders, issue process, and enter judgments 'necessary for the enforcement of the provisions of this act.'"

This express declaration of the supreme court seems to me to do away with the need for further discussion. This bill is certainly intended to institute a plenary suit in equity, and such a bill the district court has no power to entertain. The fact that the suit is formally entitled as if it were part of the bankruptcy proceedings against the corporation, and does not have a separate place and number upon the docket of the clerk, is obviously of no consequence.

The demurrer is sustained, and a decree may be entered dismissing the bill for want of jurisdiction, but without prejudice to the right of the complainants to bring an appropriate suit in a court of competent jurisdiction.