### In re ROSENBERG (two cases).

#### (District Court, E. D. Pennsylvania. June 10, 1902.)

#### Nos. 358, 697.

1. BANKRUPTCY—HEARING BEFORE REFEREE.

Where a proceeding before a referee instituted by a trustee in bankruptcy against a third person to determine the ownership of property was dismissed by the court for want of jurisdiction, the entire proceedings necessarily became null, including the findings of the referee and the taking of evidence by him; and he could not thereafter, in a new proceeding, base a determination of the same issues on the findings

made in the prior proceeding, or consider the evidence taken therein, unless by stipulation of the parties.

2. SAME—JURISDICTION OF COURT OF BANKRUPTCY—CONTROVERSY BETWEEN TRUSTEES.

A court of bankruptcy has jurisdiction to determine a controversy as to the ownership of property between the trustees of two different estates, both of which are being administered by such court.

In Bankruptcy. On certificate from referee.

Geo. B. Johnson and Arthur B. Huey, for trustee of Emanuel Rosenberg.

John Weaver and Greenwald & Mayer, for trustee and creditors of Philip Rosenberg.

J. B. McPHERSON, District Judge. I regret very much that this protracted litigation cannot now be ended, but it is so clear to my mind that the central question in dispute has not yet been decided that I have no option except to send the case back to the referee. A brief statement of the facts will, I think, make the situation plain:

In November, 1899, Emanuel Rosenberg was adjudicated a bankrupt. In the following February a controversy arose concerning some personal property, the ownership of which was claimed by Philip Rosenberg, the bankrupt's brother, and by Emanuel Rosenberg's trustee. Owing to the business relations that had existed between the brothers, it was difficult to decide whether the possession of the property had been in Emanuel as an individual, or as the mere agent of Philip. The controversy was sent to the referee for a hearing, Philip expressly consenting to this order. The report of the referee finding the property to have been Emanuel's was set aside by the court in September, 1900, in the following opinion:

"I have considered the evidence taken by the referee in this controversy, but as the case must be decided on the question of jurisdiction, and as the litigation is to be transferred to another tribunal, it would not be proper to express my opinion on the facts.

"Since the decision last May by the supreme court of the United States in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1001, 44 L. Ed. 1175, it is clear that the district court can only acquire jurisdiction of a proceeding such as this by consent of the proper defendants. Such consent was not given by some of the necessary defendants, although the counsel for Philip Rosenberg did agree at bar that the referee might determine the question of title to the goods sold at the sheriff's sale; and therefore the proceedings before the referee must be set aside, and the petition of the trustee must be dismissed. It is accordingly so ordered."

Shortly afterwards Philip, also, was adjudicated a bankrupt, and a trustee was duly appointed. In November, 1900, the two trustees joined in a petition to the referee asking for an order to sell the property at private sale, and for leave to deposit the proceeds in bank to the joint credit of the trustees, "subject to such claims against the proceeds of sale as might otherwise have been made against said goods." The sale was made, and the balance of the purchase money, after deducting certain expenses, has been duly deposited in bank. Thereupon Emanuel's trustee petitioned the referee to distribute the proceeds as if the property had belonged to Emanuel, and in spite of the denial of such ownership by the trustee

of Philip the referee determined that question in favor of Emanuel, without taking any further testimony upon the subject. This, it seems to me, was a mistake. When the former proceedings before the referee were set aside in September, 1900, for want of jurisdiction, the findings of the referee necessarily fell with it. The whole proceeding was declared to be invalid; and this included the taking of testimony, and whatever else was done upon the petition of February 5th. The question raised now by Philip—that the district court had no jurisdiction to determine the ownership of the fund, but that the controversy can only be decided by the court of common pleas of Chester county, where the property was situated—was rightly disposed of by the referee. Even if Philip had not originally assented to the jurisdiction of the district court, he himself has since been adjudicated a bankrupt; and the right to determine the ownership of the fund, and to distribute it to one set of creditors or the other, is necessarily vested in this court. But it is necessary, also, that the referee shall, in the first instance, determine the essential question of fact: To whom did the property belong which produced the fund? Unless the parties consent that the testimony previously taken may be considered by the referee in the determination of this question, it will be necessary, irksome as the task may be, to have this question heard and determined anew.

The conclusions of the referee contained in the report filed in April, 1902, are accordingly set aside, and the dispute is recommitted to him, with instructions to hear and determine it in accordance with this opinion.