SPENCER et ux. v. BURK.   (No. 8265.)

(Court of Civil Appeals of Texas. Dallas. Dec. 13, 1919. Rehearing Denied Jan. 31, 1920.)

1. APPEAL AND ERROR ⬤⟹907(3) — WHERE CAUSE IS DISMISSED FOR PENDENCY OF ANOTHER SUIT IT WILL BE PRESUMED THAT EVIDENCE SHOWED JURISDICTION OF OTHER COURT.

Where there was no statement of facts and plaintiffs were denied relief on the ground of the pendency of another suit in the federal bankruptcy court involving the same cause of action, it will be presumed in favor of the trial court's holding that there was sufficient evidence to show that the bankruptcy court had jurisdiction of the parties and of the subject-matter.

2. COURTS ⬤⟹97(5)—LATEST DECISION OF FEDERAL SUPREME COURT IS PRECEDENT TO BE FOLLOWED IN CONSTRUING FEDERAL STATUTES.

In construing a federal statute, the latest decision of the federal Supreme Court should be followed by the state courts.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by G. B. Spencer and wife against S. P. Burk. From a judgment for defendant, plaintiffs appeal. Affirmed.

Huffmaster & Huffmaster, of Kaufman, for appellants.

Wynne & Wynne, of Kaufman, for appellee.

RAINEY, C. J. This suit was brought by appellants against S. P. Burk to foreclose a lien on 80 acres of land, alleging in substance that about the 5th day of January, 1916, plaintiff G. B. Spencer became indebted to the Farmers' & Merchants' National Bank of Kaufman to the amount of about $1,100, and to secure the payment of same executed a deed of trust on said 80 acres of land; that thereafter said Spencer was duly adjudged a bankrupt by the United States District Court for the Northern District of Texas in Bankruptcy at Dallas, and fully discharged from all debts provable in bankruptcy; that he owned a home in the city of Kaufman, and after his discharge he and his wife sold their said home, which was exempt, and with the proceeds paid off said note secured by said deed of trust, except a small amount of rents from said land, with the agreement and understanding that they were to be subrogated to all the rights and liens held by said bank, and were to have and did have the possession of said land until same was by the trustee in bankruptcy sold at the instance of defendant bank to satisfy an inferior lien and bought in by said bank with full knowledge of the foregoing facts; and praying for a foreclosure and general and special relief.

Defendant answered by a plea of the pendency of another suit, alleging:

"That before the commencement of this suit, and in the year 1916, the plaintiff G. B. Spencer filed his petition, voluntarily, in bankruptcy, in cause No. 1283, in the matter of Geo. Barnett Spencer, bankrupt, in bankruptcy in the District Court of the United States for the Northern District of Texas, at Dallas, and that in said bankruptcy pleadings is, and was, involved this same identical cause of action in petition

in this present suit mentioned, as to proceedings and records thereof remaining in the said District Court of the United States for the Northern District of Texas, at Dallas, in bankruptcy, being No. 1283, of the bankruptcy division of said court, more fully appears, and that on December 27, 1918, in a proceeding in said bankruptcy court, the said George Barnett Spencer, bankrupt, was called to answer and show why he should not turn over certain rents collected. The trustee, H. H. Duncan, by special pleading in said cause brought to bear in and for said division of the District Court of the United States for the Northern District of Texas, at Dallas, in bankruptcy, the filing of this suit, in the district court of Kaufman county, Tex., and there the same matters sought to be litigated in this suit were in litigation, and the said referee in bankruptcy, the honorable E. M. Baker, now has the matter under advisement before entering his order in said cause, and this defendant further says, through his attorneys, that the parties in said suit, and the plaintiff in said suit, are the same, and not other or different persons, and that the supposed cause of action in this and the former suit are the same and not different or other causes of action, and the former pleading in bankruptcy is still pending in the bankruptcy division of the said United States court and this the defendant is ready to verify.

"And the defendant would show further in this connection that if the said G. B. Spencer and wife, Nora Spencer, ever had or held any subrogation or transfer of lien held by said bank, that, when the said property was sold to this defendant by the trustee of said bankruptcy, free of said debts and lien, then the lien, if any, of the said Spencer and wife, would follow the funds, and be a lien against said funds in the hands of the bankruptcy division of said United States District Court, and that the trustee, H. H. Duncan, now has in his hands, under the direction of said division of the United States District Court, the said funds for which said place was sold, and that this plaintiff has voluntarily filed said petition in bankruptcy and the funds and property being in charge of the said bankruptcy of the said United States District Court, this court ought not to hear, or permit this suit to be maintained.

"Wherefore, defendant prays judgment of this court that he be dismissed with his costs."

Plaintiff answered said plea of defendant by general demurrer; also, a plea that plaintiff Mrs. Nora Spencer and defendant Burk were solvent and were not and had never been in bankruptcy and the discharge of plaintiff G. B. Spencer, and denied the pendency of another suit and denied the jurisdiction of the United States District Court in bankruptcy to adjudicate the matters and things involved in this suit; also,

a general denial of defendant's said plea. The trial court overruled the demurrer of plaintiffs to the plea of defendant, and sustained the said plea of defendant of the pendency of another suit and dismissed this cause, to which plaintiffs then and there excepted and had their exceptions noted of record and in open court gave notice of appeal to this court.

There is no statement of facts in the record, but the record recites the judgment of dismissal as follows:

"On this the 21st day of February, A. D. 1919, came on to be heard the above entitled and numbered cause on plea of abatement filed herein by the defendant S. P. Burk, the plaintiffs, G. B. Spencer and wife, through their attorney, announced ready upon said plea, the defendant, S. P. Burk, announced ready upon said plea. After hearing the plea and the evidence upon the same, the court is of the opinion that the plea of the said S. P. Burk under the facts should be sustained, and this cause dismissed.

"It is therefore ordered, adjudged, and decreed by the court that the plea in abatement filed herein by S. P. Burk be, and the same is, in all things sustained, as it is clearly shown from the facts that the United States District Court for the Northern District of Texas, Bankruptcy Division, has assumed the control and jurisdiction of said land and all liens thereon, and that the said land and the funds therefrom derived are in the hands of the said Bankruptcy Division of said United States District Court, and this court ought not to assume jurisdiction of matters that are already in litigation in said United States District Court, as the said suit therein pending is a suit involving the same subject-matter herein involved."

[1] There being no statement of facts, we must presume that, the court having heard evidence on the pendency of another suit, sufficient facts were proven to show that the bankruptcy court had jurisdiction of the parties and subject-matter involved in this suit.

[2] In support of their contention that the bankruptcy court had no jurisdiction, the appellants, among other cases, cite Bardes v. Bank, 178 U. S. 528, 20 Sup. Ct. 1000, 44 L. Ed. 1175. This decision has been by a later decision of said court (Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157) criticized, and as to jurisdiction of the bankruptcy court supports the jurisdiction of said courts. We therefore hold that there was no error in the court's holding in this case.

The judgment is affirmed.