**In the Matter of NEW YORK AND WORCESTER EXPRESS, INC., Debtor.**

**No. 67 B 458.**

United States District Court
S. D. New York.
Dec. 24, 1968.

Hauptman & Hauptman, Brooklyn, N. Y., for debtor; S. A. Hauptman, Brooklyn, N. Y., of counsel.

Levin & Weintraub, New York City, for creditors' committee; Benjamin Weintraub, New York City, of counsel.

Cohen & Weiss, New York City, for Local 707, IBT; Robert S. Savelson, New York City, of counsel.

Zoloto, Karger & Zurkow, New York City, for Eastern Freight Ways, Inc.; Jerome S. Zurkow, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

The debtor in a Chapter XI arrangement, New York and Worcester Express, Inc., petitioned this court to enjoin a labor grievance hearing commenced by Local 707, International Brotherhood of Teamsters (Union) against Eastern Freight Ways, Inc. (Eastern). The Referee dismissed the petition for want of jurisdiction, and debtor, Eastern and the Creditors' Committee move for a review of that order.

Eastern entered an agreement on March 3, 1967 with debtor's only two shareholders, Roland Cassavant and Edna Santini, to purchase all debtor's issued and outstanding capital stock.

Since both debtor and Eastern are licensed interstate carriers, approval of the sale by the Interstate Commerce Commission is required. Eastern applied for approval and for a certificate of "temporary management." Final action on the application for approval is still pending, but a certificate of "temporary management" has been issued.

On May 1, 1967, debtor filed a petition in this court for an arrangement pursuant to Chapter XI of the Bankruptcy Act. The Union, on July 20, 1967, served a demand on Eastern for a grievance hearing under a collective bargaining agreement signed in September 1964 by the Union and the debtor. Article VIII of the agreement contains a provision for arbitration of all disputes that might arise, and Article I, Section 5 binds all "successors." The Union contends that Eastern, as the "management controller" of debtor, is the "successor" within the meaning of the collective bargaining agreement. Debtor and Eastern petitioned the court for a stay of the grievance hearing. A temporary stay was granted, which is in effect pending our review.

Referee Herzog found that the grievance hearing did not involve the debtor or its property and held that the bankruptcy court did not have jurisdiction to stay the hearing. Debtor, Eastern and the Creditors' Committee claim that the Referee erred in finding no jurisdiction.

The only question for us, therefore, is whether the bankruptcy court in an Article XI proceeding has jurisdiction to stay a labor grievance hearing under a collective bargaining agreement signed by debtor which the Union is attempting to enforce against debtor's purported successor.

█ Petitioners make essentially two arguments: (1) that the grievance hearing will impede the arrangement plan; and (2) that the grievances are properly chargeable against debtor and not against its purported successor, Eastern.

According to petitioners, the grievance hearing and a possible award for the Union would have a "chilling effect" on the arrangement plan since Eastern would either refuse to finance the plan or would increase the cost of financing. Petitioners argue that the bankruptcy court has jurisdiction over all matters that might have an effect on the arrangement plan. This is, however, an extremely inaccurate and sweeping interpretation of rather explicit statutory language. The jurisdiction of the bankruptcy court is strictly limited by the provisions of the Bankruptcy Act. Bardes v. Hawarden First Nat. Bank, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175 (1900). In an arrangement proceeding, the bankruptcy court has "exclusive jurisdiction of the debtor and his property, wherever located." Bankruptcy Act § 311, 11 U.S.C. § 711. Thus, whether the grievance proceeding effects the arrangement plan is not the relevant question. The fact that an award for the Union may make financing more difficult does not confer jurisdiction on the bankruptcy court. In Matter of Paddock of California, 226 F.Supp. 43, 48 (S. D.Cal.1964).

As for claim (2), petitioners contend that the alleged grievances occurred prior to the agreement between debtor and Eastern and are obligations of the debtor. If the Union should obtain an award against Eastern, Eastern alleges that it will in turn file a claim against debtor for the amount of the award. Petitioners also note that the Union has filed a claim in the Chapter XI proceeding and since the claims are for health and welfare benefits, they are treated as general claims. United States v. Embassy Restaurant, Inc., 359 U.S. 29, 79 S.Ct. 554, 3 L.Ed.2d 601 (1959). Petitioners, therefore, contend that if the Union is allowed to continue the grievance proceeding and is successful, it will be able to evade the *Embassy* rule.

The grievance hearing involves Eastern and not debtor. If Eastern is found to be a successor of debtor under the collective bargaining agreement, any decision by the arbitrator will be directed against Eastern. The debtor's property will in no way be affected by the arbitrator's decision.

The Union's filing a claim in the arrangement, or Eastern's threat to do so, does not in any way confer jurisdiction on the court to enjoin a grievance hearing between the Union and Eastern. The Referee, analogizing the situation to that of a co-debtor, guarantor or surety of a debtor, pointed out that the filing of a claim by a creditor does not give the court jurisdiction to enjoin a creditor's proceeding against a co-debtor, guarantor or surety. In Matter of Magnus Harmonica Corp., 237 F.2d 867 (3d Cir. 1956). Success in such a proceeding would surely affect the bankruptcy estate or the administration plan and would, as here, determine the claim of the surety or guarantor against the estate. The creditor's action against the surety or guarantor does not, however, involve either the bankrupt or property in his actual or constructive possession and, therefore, the bankruptcy court does not have jurisdiction to enjoin it.

■ The same is true in the present case. Although the grievance hearing may well have an effect on the arrangement, it does not involve the debtor or its property. Debtor has no property interest in shares of its own stock owned by its stockholders. In re Journal-News Corp., 193 F.2d 492 (2d Cir. 1951). The dispute is between two third parties and does not involve the debtor or its property and, therefore, the Referee's decision that the bankruptcy court does not have jurisdiction is correct. Kaplan v. Guttman, 217 F.2d 481, 484 (9th Cir. 1954).

Accordingly, the petition to review the decision of the Referee is denied, and the Referee's order is affirmed.

So ordered.