In re NIXON et al.

In re LOTT et al.

(District Court, D. Montana. September 4, 1901.)

No. 99.

BANKRUPTCY—ILLEGAL SEIZURE—LIABILITY ON BOND.

Under Bankr. Act 1898, § 3e, providing that when a petition is filed by one to have another adjudged a bankrupt, and an application is made to take charge of the property of the alleged bankrupt prior to the adjudication, the petitioner shall file a bond conditioned for payment, in case the petition is dismissed, to the respondent, of costs, expenses, damages, and counsel fees, there is a right of recovery on the

bond where petition is against several alleged to be partners, and personalty in the possession of two of them, and alleged to belong to the partnership, is seized on a warrant issued at the instance of petitioners, though such two deny that they are members of the partnership, and claim the property as their own, and their contentions are sustained by the adjudication, and the petition dismissed as to them.

In Bankruptcy.

R. L. Clinton, J. L. Wines, Sanders & Sanders, W. A. Pennington, J. M. Hinkle, W. E. Carroll, and A. Laish, for creditors.

McConnell & McConnell and Pemberton & Maury, for bankrupts.

KNOWLES, District Judge. Numerous creditors of Samuel Nixon, proprietor of the Silver City Mercantile Company, in Butte, Mont., filed their petition in this court to have him adjudged a bankrupt. Thereafter, on March 14, 1900, these creditors, with others, joined in the filing of an amended petition in bankruptcy, alleging that Samuel Nixon, Samuel M. Nixon, Lemuel W. Nixon, James F. Lott, and Fannie J. Lott were co-partners doing business under the firm name and style of the Silver City Mercantile Company, alleging certain acts of bankruptcy, conspiracy, collusion, fraud, etc., and praying that they be adjudged bankrupts. Pending the adjudication, at the instance of the petitioning creditors, a warrant was issued to the marshal commanding him to seize and take into his possession the property of the said alleged bankrupts. The proper bond to cover the payment of "all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt" was given by the petitioning creditors and approved by the court, as provided in section 3e of the act of 1898; and in obedience to said warrant the marshal seized and took into his possession, as the property of said bankrupt, the Silver City Mercantile Company, three separate stocks of goods, wares, and merchandise,—one situated in South Butte, another in Centerville, and another on East Park street, in Butte City, Mont. The stock in South Butte was in the possession of L. W. Nixon, who claimed it as his own, and adversely to the Silver City Mercantile Company and all others. The other two stocks were found in the possession of Fannie J. Lott, who had placed her husband, James F. Lott, in charge, and was conducting a mercantile business at said places, and claimed said stocks of goods, wares, and merchandise as her own, and adversely to the said Silver City Mercantile Company and all others. These stocks of goods were afterwards delivered by the marshal to a receiver duly appointed by the court, and by said receiver were turned over to the trustee appointed by the petitioning creditors, who is now in possession of the same or of the proceeds of the sale thereof. To this amended petition Samuel Nixon made default, and a judgment pro confesso was taken against him. Fannie J. Lott appeared separately, and denied that she had committed any act or acts of bankruptcy; denied that she was insolvent; denied that she "is now or ever was a co-partner" with any of the other parties herein, or either of them, or that she ever had any interest whatever in the Silver City Mercantile Company; denied each and every charge of fraud, collusion, and conspiracy alleged against her in the amended petition; and averred

affirmatively that she was the owner of the goods in the store in Centerville, Silver Bow county, Mont., etc. Lemuel W. Nixon denied all the averments in the amended petition as against him. The case was called for trial before a jury, and a jury was duly impaneled. There was a controversy between the parties with reference to the issues to be tried by the jury, and, it thereupon appearing to the court that a jury trial was unnecessary for the determination of the question of partnership,—that being a question for the determination of the court alone,—and a jury trial having also been waived by all the parties in open court, and such waiver entered upon the minutes, the jury was excused. The court, after a hearing upon the evidence, found that all the parties herein except James F. Lott were co-partners doing business under the firm name of the Silver City Mercantile Company, and expressly found that James F. Lott, the husband of Fannie J. Lott, was not a member of said co-partnership. An adjudication in bankruptcy was regularly made against all the parties who were found to be co-partners, and defendant James F. Lott was discharged from the proceedings. Fannie J. Lott and Lemuel W. Nixon alone appealed from this ruling of the court to the circuit court of appeals of the United States for the Ninth judicial circuit, and the only error alleged was "that the court erred in holding said appellants, Fannie J. Lott and L. W. Nixon, to be members of said co-partnership in the Silver City Mercantile Company." Upon the hearing and consideration of said appeal by the circuit court of appeals aforesaid, the decree of this court was reversed as to the said Fannie J. Lott and Lemuel W. Nixon, with directions to dismiss the petition as to them. This has been done.

The said Fannie J. Lott and Lemuel W. Nixon have made an application to the court for the allowance to them of their proper costs and disbursements incurred by them in successfully resisting their adjudication as involuntary bankrupts as co-partners in the Silver City Mercantile Company and the seizure of their property as the property of said co-partnership, and also pray for the allowance to them of a reasonable attorney's fee in the premises, under the provisions of section 3e of the bankruptcy act of 1898. On their behalf it is contended that, although they were made parties to the proceedings under the claim that they were co-partners in the Silver City Mercantile Company, and their property seized by the marshal as the property of the said Silver City Mercantile Company, they were in reality and in fact strangers to the controversy, and had no interest in the same, and that the seizure of their property was without warrant of law and summary, and that, in view of all the facts and of the judgment of the circuit court of appeals in their favor on their said appeal, they are not only entitled to all costs and disbursements properly and necessarily incurred in this proceeding on their behalf, but also to an attorney's fee as shall seem reasonable to the court in the premises. The application is resisted by the petitioning creditors, who contend that the provisions of said section apply only to cases where the goods and property claimed to be the property of an alleged bankrupt are taken from the possession of a stranger to the proceedings, and by summary process; that said Lott and Nixon

were not strangers to the proceedings, and that the property found in their possession was not taken by summary process. Section 3e of the bankruptcy act of 1898, under the provisions of which these goods were seized, and under which said Lott and Nixon claim their rights, reads as follows:

"Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond with at least two good and sufficient sureties who shall reside within the jurisdiction of said court, to be approved by the court or a judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt. If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, taking, or detention of such property. Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors in such bond."

Now, it is an established fact that at the time of the inception of the proceedings, and at the time of the issuing of the warrant to the marshal, and at the time of the taking and detention of these goods under said warrant, these goods were in the possession of Lott and Nixon under a claim of ownership, and the marshal took them from the possession of said Lott and Nixon as the property of the Silver City Mercantile Company, notwithstanding the claim of ownership asserted by them. The goods were all of them personal property, and that the possession of personal property raises a presumption of title in and ownership of the property by the possessor is a rule of law so well settled and established that it does not admit of question. It may be said once for all that, laying aside for a moment the question of partnership in the Silver City Mercantile Company, that Lott and Nixon's possession of this personal property under a claim of ownership and title in them could not be disturbed or interfered with save and except by appropriate legal proceedings in a court of competent jurisdiction. The allegations in the amended petition were to the effect that Lott and Nixon, with others, were co-partners in the Silver City Mercantile Company, and that the goods in their possession were in fact the property of said company. Upon the basis of these allegations the warrant of seizure was issued, and the goods taken from their possession. These allegations being controverted, it was incumbent upon the petitioning creditors to establish them by competent evidence. They were material facts upon which the right to take and seize the goods was predicated and the seizure made. If the allegations were true, the seizure was right; if false, it was all wrong. On the trial of these issues the petitioning creditors failed to establish this material fact of the co-partnership of the defendants Lott and Nixon in the Silver City Mercantile Company. As to them the decree of this court was reversed, and the petition ordered dismissed, and this has been done. They are now, and must, for the purposes of this application, be, considered and treated as

strangers from the beginning of the proceedings against the Silver City Mercantile Company. The circuit court of appeals has held and decided that they were and are not partners therein.

Upon a naked representation by the petitioning creditors herein that Lott and Nixon, as strangers, were in possession and claimed to be the owners of certain goods alleged to be the property of the Silver City Mercantile Company, and asking for a warrant of seizure under the provisions of section 3e of the act of 1898, this court would have entertained serious doubts as to its right to issue such warrant, and would have left the question of the right of possession and ownership of the property for the adjudication of the tribunal in which the bankrupt himself might and could have litigated that question, which in this instance was the state court. By the mere fact that a person, partnership, or corporation has been declared bankrupt, and a district court of the United States has so adjudged, such court does not draw to itself by that act, in addition to control of the bankrupt's property and credits, also the right and jurisdiction over contested rights in any other court. The very reverse is the fact and the law. In all controversies between the trustee of the bankrupt's estate and a stranger or third parties as to the title and ownership of property alleged to belong to the estate of the bankrupt the jurisdiction of the state courts is expressly preserved, and such trustee is relegated to these courts for a determination of his rights when the bankrupt himself should or could have litigated them in that or those courts. Eyster v. Gaff, 91 U. S. 521, 525, 23 L. Ed. 403: Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. Applying the doctrine announced by the supreme court of the United States in these two cases to the case at bar, this court was without jurisdiction as to the persons and property of Fannie J. Lott and Lemuel W. Nixon, and the seizure and detention of their goods under its warrant was not only summary, but also illegal and unlawful. The defendants Lott and Nixon were put to much trouble and considerable expense by reason of the instituting of these proceedings against them by the petitioning creditors. Among some of the legitimate expenses connected therewith was the expense of employing counsel to resist these proceedings. In that resistance they were successful. The result is that they go forth and are dismissed hence as strangers. In conformity to the views expressed herein, I hold that Fannie J. Lott and Lemuel W. Nixon, under the provisions of section 3e of the act of 1898, are entitled to their proper costs and disbursements incurred herein, to be now taxed by the court under the circumstances presented in this case, together with a reasonable attorney's fee, to be also taxed by the court against the petitioning creditors herein. I do not believe it is within the discretion of the court to fix the amount of the attorney's fee in the premises on the basis of its own knowledge of their worth, and without other proof. I shall therefore not do so, and will require proof of the extent and value of such services to be made before me at some time during the present term of this court at Butte, Mont., the defendants' attorneys to give notice thereof to all concerned at least five days prior to the time of making such proof.