## In re COMINS.

(District Court, W. D. Pennsylvania. November, 1923.)

### No. 554.

Bankruptcy ⟨⟩115—Owner of property seized as property of bankrupt held not entitled to recover costs of recovery in bankruptcy court; "respondent."

One whose property has been seized as that of bankrupt, on petition of creditor and ancillary receiver, is not entitled to recover costs, expenses, and attorney's fees expended in recovering possession in the bankruptcy court, but must bring independent action, as such owner is not a "respondent" in involuntary proceedings, within Bankruptcy Act, § 3e (Comp. St. § 9587).

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Respondent.]

In Bankruptcy. In matter of Herman M. Comins, doing business as the Para Rubber Company. On petition by the Para Rubber Company, Inc., for assessment of damages. Petition denied.

Before THOMSON and SCHOONMAK-ER, District Judges.

SCHOONMAKER, District Judge. Herman M. Comins, doing business as Para Rubber Company, was adjudged a bankrupt by the District Court for the District of Massachusetts, whereupon, on petition by creditor, this court appointed an ancillary receiver in the instant case. The petition of this ancillary receiver, alleging that the said bankrupt owned, conducted and operated a store then located at No. 134 Sixth street, Pittsburgh, Pa., and asking that an order be issued herein directing the marshal to seize and hold the said store and contents until the further order of this court, was granted, and the marshal did in fact seize the store and the stock of merchandise therein, and continued to hold it until the Para Rubber Company, a Pennsylvania corporation, presented a petition to this court averring that the store and stock of merchandise seized by the United States marshal was not the property of Herman M. Comins, doing business as Para Rubber Company, but was in fact the property of Para Rubber Company, Inc., a Pennsylvania corporation. This court, having taken testimony, and on due hearing, adjudged the property seized to be that of the Pennsylvania corporation, and vacated the order of seizure, and directed the restoration of the property seized to the Para Rubber Company, Inc. Whereupon the Para Rubber Company, a Pennsylvania corporation, filed in this court a petition asking this court to assess as damages against the creditor, Electric Hose & Rubber Company, who filed a petition for the appointment of an ancillary receiver here, and against Elliott Frederick, receiver, and the Ætna Casualty & Insurance Company, his surety, the costs, expenses and attorney's fees incident to the illegal seizure of the property of this Para Rubber Company, a Pennsylvania corporation.

We are asked to make this assessment of damages against these parties as an incident to the ancillary proceedings in this case, on the theory (1) that the bankruptcy court, as a court of equity, has authority to grant relief adapted to the circumstances in the case; and (2) section 3e of the Bankruptcy Act (Comp. St. § 9587) allows costs, counsel fees, expenses, and damages in the case of dismissal of involuntary petition in bankruptcy, where property has been seized prior to adjudication.

We have given careful consideration to the arguments of counsel and have fully considered the Bankruptcy Act, and the adjudication of the courts with reference to that act; but we can find no authority to take jurisdiction of the subject-matter of the petition in this case to assess damages against the receiver, his surety, and the creditor who asked for the appointment of the ancillary receiver, either as an incident to the general equity powers of this court as a court of equity, or by virtue of any expressed provision of the act itself.

Counsel for the petitioner has called our attention to section 3e of the act, which reads as follows: "Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond with at least two good and sufficient sureties who shall reside within the jurisdiction of said court, to be approved by the court or a judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt. If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, taking, or detention of such property. Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors in such bond." 1 Collier (13th Ed.) p. 116. By the language of this section it applies only to seizure of property where the petition in involuntary bankruptcy has been dismissed.

The Para Rubber Company, Inc., cannot, in our opinion, qualify as a respondent. No petition in bankruptcy has been filed against that corporation, and therefore the Para Rubber Company, Inc., is not a respondent, within the meaning of the Bankruptcy Act, to whom damages may be awarded under this section.

Counsel have directed our attention to the case of In re Nixon (D. C. Mont.) 6 Am. Bankr. Rep. 693, 110 Fed. 633, where a petition in involuntary bankruptcy was filed against a number of persons alleging them to be partners. Two of them denied the as-

sociation with the partnership, and on hearing the petition was dismissed as to them. They were held to be respondents within the meaning of this section. But that would not apply to the Para Rubber Company, Inc., the petitioner here, who was not a respondent in the bankruptcy proceedings. We therefore see no escape from the conclusion that we are utterly without jurisdiction to grant any relief to the Para Rubber Company, Inc.

That company may be entitled to recover damages for the unjust taking of its property by the United States marshal, induced by the petition of this creditor and the receiver appointed in these proceedings; but we are of the opinion that an independent action should be brought by the injured party against those whom he seeks to charge with the damages of this proceeding. Fixing the amount of these damages and this recovery is not incident to the administration of the bankrupt estate, and therefore not in our opinion within the jurisdiction of this court as a court of bankruptcy. If this creditor and the receiver appointed by this court has committed a tort upon the petitioner, the Para Rubber Company, Inc., by the wrongful seizure of its property, in our judgment the remedy is by an independent action to have this wrong redressed.

We therefore express no opinion upon the merits of the subject-matter of the petition in this case, and merely find that this court is without jurisdiction to grant the relief prayed for by the Para Rubber Company, Inc.

An order may be entered denying the petition.