### LYNCH v. BRONSON et al.

(District Court, D. Connecticut. March 26, 1908.)

No. 1,568.

1. BANKRUPTCY—COURT—JURISDICTION.

Bankr. Act July 1, 1898, c. 541. § 2, subd. 7, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421), confers on courts of bankruptcy jurisdiction to cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as otherwise provided in such act. By the amendatory act of 1903, section 23, subd. "b," of the original act was amended so as to read: "(b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might be brought or prosecuted, if the proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendants," except suits for the recovery of property under section 60, subd. "b," and section 67, subd. "e" (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431] as amended by Act Feb. 5, 1903,. c. 487, § 8, 32 Stat. 798 [U. S. Comp. St. 1907, p. 1028]), the latter of which invalidates all conveyances, transfers, and assignments of property by a bankrupt within four months prior to the filing of a bankruptcy petition with intent to hinder, delay, and defraud his creditors. *Held*, that a court of bankruptcy under such provisions had concurrent jurisdiction with the state court, without the con-

sent of the proposed defendants, of a suit by the bankrupt's trustee, to recover the value of property purchased by the bankrupt, and transferred to defendant corporation, for the purpose of defrauding the sellers of such property to the bankrupt.

[Ed. Note.—Jurisdiction of federal courts in suits relating to bankruptcy, see note to 11 C. C. A. 313.]

2. SAME—CREDITORS—FILING CLAIMS—EFFECT.

Creditors of a bankrupt, by filing their claims for the price of goods alleged to have been wrongfully transferred by the bankrupt to defendant corporation, waived their right to dispute the passing of the title in the goods to the bankrupt prior to bankruptcy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 550.]

On Plea to the Jurisdiction.

The following are the facts alleged in the complaint, showing the nature of the controversy:

On May 13, 1905, William N. Jennings, of New Haven, was adjudicated a bankrupt on his own petition, and on May 25th the plaintiff was appointed trustee of his estate. The complaint alleged that on December 1, 1904, and up to the time of his adjudication, Jennings was well known to defendants the Bronson & Platt Co. to be insolvent, and that on or about December 15, 1904, Bronson and Platt, acting for the defendant corporation, intending to secure for it merchandise thereafter to be purchased from various persons, firms, and corporations by Jennings, without paying the value thereof, and to enable Jennings to cheat and defraud, agreed to assist Jennings with certain funds, and in other ways, whereby he might establish a credit and purchase goods on credit, with the fraudulent understanding that the goods so purchased should be turned over to the Bronson & Platt Co. at cost or less than cost, and with the further expectation of withdrawing the sum so advanced to Jennings as soon as his credit could be established; that pursuant to such conspiracy defendant advanced to Jennings $2,500, to enable him to purchase goods from certain creditors on credit, to the value of $20,000, and pursuant to such conspiracy induced Jennings to repay $2,500 so loaned, and $100 in addition thereto, as bonus, also to deliver to defendant the goods so purchased at cost or less than cost, to Jennings, plus transportation and handling; that defendant sold the goods and converted the proceeds to its own use, and refused to pay any part of the value thereof to plaintiff as trustee, by reason whereof Jennings' creditors had been deprived of the value of the goods so fraudulently acquired by him, and the proceeds thereof, to their damage in the sum of $15,000. To this complaint defendants pleaded in abatement that the bankruptcy court had no jurisdiction, either of the person or subject-matter.

Hobart L. Hotchkiss, Lynch & Lynch, and Frederick F. Eisemann, for plaintiff.

Slade, Slade & Slade and P. W. Chase, for defendants.

PLATT, District Judge. The facts set forth in this complaint upon which the defendants dispute our jurisdiction present a serious situation. There is plainly a controversy in relation to the estate of a bankrupt, and subdivision 7 of section 2 would confer jurisdiction if it were not for the limiting words, "except as herein otherwise provided." Act July 1, 1898, c. 541, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421). It is settled law that the exception points to section 23, where the matter of the jurisdiction of the federal and state courts is taken up. It was decided by the Supreme Court in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, that such a state of facts as we find herein, even if construed favorably to the plaintiff, would not have

conferred jurisdiction upon this court, unless the defendants consented thereto. To avoid the force of that ruling, and to promote the orderly and speedy settlement of bankrupt estates, the Congress in 1903 amended subdivision "b" of section 23 by adding:

"Except suits for the recovery of property under section 60, subdivision 'b,' and section 67, subdivision 'e.'" (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431] as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1028]).

The amendment without doubt gives to this court concurrent jurisdiction with the state courts, without the consent of the proposed defendant of any suit which sets forth such facts as will bring it under either of the excepted subdivisions. It is not covered by section 60, subd. "b" (30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3445]). There is no suspicion of a preference to be found in the facts. The language of section 67e (30 Stat. 564, c. 541 [U. S. Comp. St. 1901, p. 3449]) seems to be enough, unless we start with the admitted premise that a trustee must confine his endeavors to gather in the estate of the bankrupt to property over which the bankrupt had obtained title prior to bankruptcy and had disposed of in fraud of the act. The first thought which comes to one as he approaches this inquiry is whether it is right for the federal court to stick in the bark, indulging in refinements and niceties of strict legal definitions. The purpose of the bankruptcy act is to promote equity and fair dealing. In the sense of the act I think that the property for which in this suit recovery is sought was under the domination and control of the bankrupt shortly prior to bankruptcy, and that he transferred it to the defendants, who paid him therefor an inadequate price, well knowing that he was insolvent, and did not intend to pay his debts with the money which they gave him. If the trustee cannot bring a suit somewhere upon such a state of facts, no remedy for the wrong stated exists.

The objection that the bankrupt never gained a title to the property in dispute by reason of the mutual fraud would be pressed in the state court against the trustee as a full defense, and might be more forcible there than here, because the forum selected might not have the equitable powers which Congress has wisely conferred upon us. The parties who were in the first instance deprived of their property by the scheme have come to our court, and, by filing their claims as creditors, have invoked our protection. That action would be used against them, if they individually sought aid in a state court. Can it be possible that the trustee, who is an officer of the court, must be driven away when he comes to us and tells of a grievous wrong done to certain parties who have chosen him as their protector and expect him to obtain relief for that wrong? If it be so, the bankruptcy act is impotent at a vital and crucial point. I, for one, am not willing to admit it. This is the broad view of the matter. A technical examination leads to the same conclusion.

As already suggested, the parties chiefly interested have offered themselves to this court as creditors of the estate. By filing their claims against the bankrupt they have waived their right to dispute the passing of the title in their goods to him prior to bankruptcy. They have done more than that. They have, by affirmative action, ratified

the original purchase, sale and delivery of those goods, as constituting a valid title thereto in the bankrupt. The only remedy remaining open is for the trustee, whom they have helped to elect and who is subrogated to their rights, to find their property if he can, and if, as is the case here, he cannot find it, to seek damages from the parties to whom it was unlawfully transferred, which, if collected, will inure to the benefit of the injured parties who have sought our aid.

Let the plea to the jurisdiction be overruled.