LYNCH v. BRONSON et al.

(District Court, D. Connecticut. March 2, 1910.)

No. 1,568.

BANKRUPTCY (§ 293*)—ACTION BY TRUSTEE—JURISDICTION.

An action by a trustee in bankruptcy to recover damages from defendants, upon allegations that they conspired with the bankrupt, knowing him to be insolvent, and pursuant to such conspiracy he purchased goods on credit, which he turned over to defendants for less than their value, is one merely to recover damages for the conspiracy, and not to set aside a fraudulent transfer of property, within Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), and is not brought within the jurisdiction of the bankruptcy court by section 23b, as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1312.)

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411; Dec. Dig. § 293.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Action by Edward W. Lynch, trustee, against J. Harmar Bronson and others. On demurrer to complaint. Demurrer sustained.

See, also, 160 Fed. 139.

Hobart L. Hotchkiss, for plaintiff.
Slade, Slade & Slade, for defendants.

PLATT, District Judge. My decision on a plea to the jurisdiction in this case will be found in 160 Fed. 139.

The plaintiff stood upon his complaint, which is now attacked by demurrer. Jurisdiction was retained because of the expressed will of Congress as found in section 67e of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), as amended (Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1909, p. 1316]). Under that section it seemed to the court that the plaintiff might by amendment so recast his complaint as to give us concurrent jurisdiction with the state court.

As the matter now stands, however, the complaint appears to state nothing more nor less than a suit by reason of a conspiracy to recover damages. It is, therefore, in no sense within the provisions of section 67e.

The demurrer must be sustained.