HAVENS & GEDDES CO. v. PIEREK.

(Circuit Court of Appeals, Seventh Circuit. Jan. 6, 1903.)

No. 912.

1. BANKRUPTCY—JURISDICTION OF DISTRICT COURT—SUIT IN EQUITY.

An agreement between a creditor of a bankrupt and his trustee, by which a fund claimed by the creditor is paid over to the trustee, to be held by him for the creditor's benefit, subject to the order of the court of bankruptcy, gives that court authority by a summary proceeding to determine the right to the fund as one in its custody; but it is without jurisdiction of a plenary suit in equity for that purpose, brought by the trustee against the creditor, where the latter is a corporation of another state, and does not consent nor appear.

Appeal from the District Court of the United States for the Southern District of Illinois.

James M. Graham, for appellant.

Logan Hay and Alonzo Hoff, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

PER CURIAM. Herman Pierek, trustee of the bankrupt, filed a bill in equity in the district court against Havens & Geddes Company, a corporation of the state of Indiana, alleging the adjudication of Flora J. Graham as an involuntary bankrupt on April 16, 1900; that the bankrupt's stock of goods in January, 1900, was destroyed by fire, being insured, and on February 1, 1900, the sum due from the Insurance Company of North America upon a policy issued by it upon the stock was adjusted at the sum of $1,561.34; that on February 10, 1900, and within four months prior to the adjudication in bankruptcy, the bankrupt assigned to the Havens & Geddes Company all her rights under the policy to the sum so adjusted and due; that on June 22, 1900, by an arrangement between Havens & Geddes Company and the trustee in bankruptcy, the policy was transferred to the trustee, and he agreed to hold the money to be realized on the policy "for the benefit of said Havens & Geddes Company, subject to the order of the United States district court for the Southern district of Illinois." The amount collected was received by the trustee, and is now held by him in his capacity as trustee in bankruptcy, and under that arrangement. The bill seeks to have the assignment and transfer declared void, and to adjudge that the Havens & Geddes Company have no right to the proceeds of the policy or to the fund in the hands of the trustee. The defendant in the bill appeared specially and solely to object to the jurisdiction and power of the court, and filed its plea to the effect that the subpœna was not served upon the Havens & Geddes Company, but upon one of its traveling salesmen, then being temporarily within the state of Illinois; that it is a corporation of the state of Indiana, located and doing business in that state; and that it is not, and never was, a resident of the state of Illlinois, and had no office or place of business, officer, or managing agent within the state. The plea was by the court stricken from the files upon the ground that the matters and things in the plea contained should have been set up by motion to

quash the service, and it was ordered that the defendant enter its appearance in the suit. Afterward, no appearance having been entered, there was decree pro confesso, and a final decree adjudging the trustee to be entitled to the fund, and excluding the Havens & Geddes Company from any right or interest therein, and decreeing against that company the costs of the proceedings.

The effect of the agreement under which the moneys were received was to transfer them to the custody of the district court, that that court might adjudge the rights of the respective parties thereto. The fund being in the registry of the court, or in the hands of its officers or appointees, the court, whether one of equity, common law, admiralty, or bankruptcy, could determine the right informally and by summary intervening petition. A bill in equity, if otherwise justifiable, would not lie in the district court sitting in bankruptcy against a party not assenting to the jurisdiction (Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175), and the district court, otherwise than as a court of bankruptcy, has no jurisdiction of a bill in equity. It was unquestionably the right of the district court upon petition of the trustee—certainly upon notice to the Havens & Geddes Company—to determine the right to the fund, because such action had been stipulated by the agreement which it had made. If that company did not choose to respond to the notice and to appear in the district court to have the question determined, it could not complain of the action which the district court might take. But the district court, sitting not as a court of bankruptcy, has no jurisdiction to entertain a plenary suit in equity, or, sitting as a court of bankruptcy, to decree against a defendant not consenting to the jurisdiction, and who has not been, and who could not be, brought within its jurisdiction to answer to an independent and original bill in equity. The stipulation of the parties cannot be construed to be a consent to the exercise of jurisdiction by the district court upon an original bill. It provided, in effect, for the covering of the fund into the registry of the district court to be dealt with by that court, the rights of the parties thereto to be determined upon summary petition.

We have hesitated somewhat whether this bill should not be treated informally as a petition under the agreement, and so authorize the district court to determine the matter agreed upon by the parties to be determined by it. If it could be so considered, the practice adopted was certainly cumbersome and inapt; but in view of the fact that the district court has no jurisdiction in equity over the defendant, and has adjudged costs against it, when it neither appeared nor consented, but protested, against the jurisdiction, we are unable to sustain this bill in equity as a summary petition.

The decree must therefore be reversed, and the cause remanded, with directions to dismiss the bill.