## In re TRAUNSTEIN et al.

### (District Court, D. Massachusetts. May, 1915.)

1. BANKRUPTCY ⬥⟳210—JURISDICTION—POSSESSION—WHAT CONSTITUTES.

Petitioner sold a beer pump on conditional sale to bankrupts. After bankruptcy it was claimed by the bankrupts' lessor as a trade fixture, and possession thereof was delivered to the lessor. The seller filed a petition praying that the trustee be ordered to surrender the beer pump, and thereafter filed another petition, asking that the lessor show cause why petitioner should not be allowed to take possession. *Held* that, where the order giving possession of the pump to the lessor was, with its consent, revoked so as to revest possession in the trustee, and a new order, reserving to the court jurisdiction to determine title to the pump, was made, the court had jurisdiction of the pump and could determine all questions as to ownership.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321–323; Dec. Dig. ⬥⟳210.]

2. BANKRUPTCY ⬥⟳212—CLAIMS TO SPECIFIC PROPERTY—WITHDRAWAL.

Where the seller of property to the bankrupt by contract of conditional sale filed a petition in the bankruptcy court, praying for its possession, against the trustee and the bankrupt's lessor who claimed it as a trade fixture, the seller could not withdraw his petition over objection of the trustee, who claimed (1) that he might have an equity in the property; (2) that, if not, it should go to the seller to prevent his filing a claim as general creditor; and (3) that to remit the seller to an action against the bankrupt's lessor would delay settlement of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 236; Dec. Dig. ⬥⟳212.]

3. BANKRUPTCY ⬥⟳11—JURISDICTION—CLAIMS TO PROPERTY.

Custody of property by the bankruptcy court, though acquired by agreement of the person in possession, nevertheless confers jurisdiction to have and determine claims to the ownership thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. ⬥⟳11.]

In the matter of the bankruptcy of Max Traunstein and Joseph White. Petition by the E. R. Brown Beer Pump Company for property delivered by the trustee to the New England Trust Company. On review of the referee's denial of the petitioner's motion to discontinue its petition. Decrees of referee affirmed.

The following is the opinion of Referee Olmstead:

The facts in this review are not in dispute and may be gathered from the pleadings, record, and following findings: The petitioner, the E. R. Brown Beer Pump Company, had sold on conditional sale to the debtors, conducting business as the "Café Max," a beer pump. The petitioner sought to recover this pump from the possession of the trustee, and on July 16, 1914, filed a petition asking that the trustee be ordered to deliver it to it. Afterwards ascertaining that the trustee had delivered the possession of it to the New England Trust Company which claimed it as a trade fixture, the petitioner filed upon July 23d a petition in these proceedings, asking that the New England Trust Company be ordered to show cause why the petitioner should not be allowed to repossess itself of said property. The case subsequently came on for a hearing before me, and I intimated that as the controversy was between the E. R. Brown Beer Pump Company and the New England Trust Company, the lessor of the premises—the trustee having previously surrendered possession to the New England Trust Company—I might have no jurisdiction over this controversy between outsiders or third parties. Subsequently, on October 30th,

the trustee intervened in the proceedings, in order to protect the interests of the estate. At a subsequent hearing on November 4th, on the petition of the trustee and the New England Trust Company, an order was entered vacating the decree of July 7th, under which the possession of the pump was given to the New England Trust Company. The effect of the decree of November 4th was to revest possession of the pump in the trustee, and at the same time possession was again given to the New England Trust Company, "reserving, however, to this court jurisdiction to determine the question of title to said property, and any and all rights and interests therein." At the same time two motions by the petitioner to be allowed to discontinue his original petition were denied.

This "controversy arising in the bankruptcy proceedings" is of a triangular nature. On the one hand, there is the petitioner claiming title, the trustee acting for the creditors, and the lessor, the New England Trust Company, claiming title to the pump as a trade fixture. Had the E. R. Brown Beer Pump Company prior to the bankruptcy proceedings repossessed itself of the property, and had the trustee subsequently appointed brought suit against it to recover the pump, it would have presented a case of adverse claimants, and the court of bankruptcy would have had no jurisdiction except by consent of the respondent, inasmuch as such controversy would not have arisen under sections 60a and 60b, 67e, or 70e of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562, 564, 565 [Comp. St. 1913, §§ 9644, 9651, 9654]). When, however, the court is in possession of an asset, it draws to itself the right to determine all liens and rights claimed to assets in the possession thereof. In the case of Murphy v. John Hoffman Company, 21 Am. Bankr. Rep. 487, 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327, the facts were somewhat similar, although the proceeding was the converse of the present proceeding. The Dodge Dry Goods Company, the debtor, had bought on a conditional sale from the John Hoffman Company certain show cases which were subsequently claimed by the lessor, the Century Mercantile Company. One Murphy was appointed receiver and trustee of the Dodge Dry Goods Company, and the John Hoffman Company brought replevin in the state court. The controversy between the lessor, the Century Mercantile Company, and the trustee, was determined subsequently in favor of the trustee. The court held that replevin in the state court, being an interference with the possession of the trustee, could not be maintained.

In the present case the trustee had originally possession, and by the modified decree of November 4th this possession was restored to him. The decisions make it certain that court which has possession may determine the rights of parties claiming liens to property in its possession. In support of this proposition Mr. Justice Moody, in Murphy v. John Hoffman Company, supra, at page 568 of 211 U. S., at page 156 of 29 Sup. Ct. (53 L. Ed. 327), says: "But, where the property in dispute is in the actual possession of the court of bankruptcy, there comes into play another principle, not peculiar to courts of bankruptcy but applicable to all courts, federal or state. Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court having possession of the property has an ancillary jurisdiction to hear and determine all questions respecting the title, possession or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised, though it is not authorized by any statute. The jurisdiction in such cases arises out of the possession of the property and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them." And in Whitney v. Wenman, 14 Am. Bankr. Rep. 45, 198 U. S. 539, 552, 25 Sup. Ct. 778, 781, 49 L. Ed. 1157, Mr. Justice Day says: "We think the result of these cases is, in view of the *broad powers* conferred in section 2 of the Bankrupt Act, authorizing the bankruptcy court to cause the estate of the bankrupt to be collected, reduced to money and distributed, and to determine controversies in relation thereto, and bring in and substitute additional parties" and individuals "for the *complete determination of a matter in controversy*, that when the property has become subject to the jurisdiction of the bankruptcy court as that of the bankrupt, whether held *by him or for him*, jurisdiction exists to determine controversies in relation to the disposition of the same and the extent and character of liens thereon or rights therein."

(Italics mine.) In re National Boat & Engine Co. (D. C., Me.) 33 Am. Bankr. Rep. 154, 216 Fed. 211, 212.

The petitioner complains that the trustee had no right to intervene. In the last-cited case Judge Hale says: "It is the duty of the trustee to appear and protect the fund in the custody of the court."

The petitioner insists that he has a right to dismiss his bill. It is to be borne in mind that the petitioner has voluntarily appeared in the bankruptcy court, appealed to and submitted to its jurisdiction, and sought relief from it. He now seeks to withdraw. The general rule is that a complainant may dismiss his bill upon payment of costs, unless there have been intervening rights, or the respondent would be prejudiced. City of Detroit v. Detroit City Ry. (C. C.) 55 Fed. 569; Electric Accumulator Co. v. Brush Elec. Co. (C. C.) 44 Fed. 602; Chicago & Alton R. R. v. Union Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081; Western Union Co. v. Am. Bell Telephone Co. (C. C.) 50 Fed. 662; Id., 69 Fed. 666, 16 C. C. A. 367; Bates on Federal Equity Procedure, vol. 2, § 659.

On three grounds the trustee as the representative and protector of the estate would be prejudiced by allowing the petitioner to discontinue: First, the trustee may have an equity in the pump; second, the trustee is desirous, if he has no equity, that the petitioner shall prevail, in order that he may not file a claim against the estate as a general creditor; and, thirdly, the trustee is interested to prevent delay which would be occasioned by the petitioner being allowed to resort to a suit in the state court, under which he might claim a trial by jury, and thus delay for an indefinite time the settlement of the estate. Inasmuch as the petitioner, having appealed to the bankruptcy court for relief, does not stand in the attitude of an adverse claimant, as he might have done under certain other conditions and contingencies, he certainly cannot complain that he is deprived of a trial by jury, having submitted himself to the equitable jurisdiction of this court.

Joseph B. Jacobs, of Boston, Mass., for petitioner.
Burton E. Eames, of Boston, Mass., for respondent.
Alfred W. Putnam, of Boston, Mass., for trustee.

MORTON, District Judge. [1, 2] Traunstein and White were adjudicated bankrupts, and a trustee was appointed. The beer pump, title to which is in question in these proceedings, had been bought by them on a conditional sale and installed on the premises where they conducted their café. These premises were owned by the New England Trust Company, trustee, and were leased to the bankrupts. In this situation, an order was made by Mr. Referee Olmstead, to whom the case was referred, that the trustee remove from the premises all goods and effects of the bankrupts, and deliver possession of the premises to the trust company. This was accordingly done. The beer pump was not removed by the trustee and passed into the possession and control of the trust company. Subsequently the Beer Pump Company filed with the referee a petition praying that the trust company be ordered to turn over the pump to it as owner thereof. Doubt was suggested whether under such circumstances the bankruptcy court had jurisdiction of the pump company's claim, as the pump itself was not at that time in the custody of the court. The trustee intervened, and the trust company agreed to surrender the pump to him. The pump was not detached from the real estate in making this surrender, nor did the trustee retake possession of the premises on which it was installed. When the trust company had made a formal oral surrender of the pump to the trustee, a decree was passed by the referee revesting possession of the pump in the

trust company, reserving to this court jurisdiction to determine the ownership thereof. This decree was agreed to by the trust company, and it now holds said pump subject to the order of this court. Before this last decree had been entered, the pump company had endeavored to discontinue its intervening petition or claim for the pump. There was no collusion or bad faith in the action of the trust company in endeavoring to surrender the pump to the trustee, and in agreeing to hold it subject to the order of this court.

[3] As appears by the foregoing statement, the pump is now under the control of this court, and all questions as to its ownership can be here determined. Re McMahon (C. C. A., 6th Cir.) 17 Am. Bankr. Rep. 530, 147 Fed. 684, 77 C. C. A. 668. The fact that such control, after having been relinquished by the trustee under the first decree, was only regained through agreement of the party into whose possession the property had been surrendered, does not impair the present jurisdiction of the court to determine the ownership thereof. Re Antigo Screen Door Company (C. C. A., 7th Cir.) 10 Am. Bankr. Rep. 359, 123 Fed. 249, 59 C. C. A. 248; Havens & Geddes Co. v. Pierek (C. C. A., 7th Cir.) 9 Am. Bankr. Rep. 569, 120 Fed. 244, 57 C. C. A. 37; Re Hymes Buggy & Implement Co. (D. C., Mo.) 12 Am. Bankr. Rep. 477, 130 Fed. 977.

It follows that the learned referee was right in holding that he had jurisdiction, and in declining to allow the pump company to withdraw its petition.

Decrees affirmed.