## In re HERZIKOPF.

### COHN, GOLDWATER & CO. et al. v. GORCHAKOFF et al.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1903.)

#### No. 892.

1. BANKRUPTCY—ADJUDICATION—JURY TRIAL—RIGHTS OF CREDITORS.

Rev. St. §§ 648, 649, 566 [U. S. Comp. St. 1901, pp. 525, 461], provide that except where a jury is waived in a civil action a jury trial may be had, except in cases in equity, and except as otherwise provided in proceedings in bankruptcy. Bankr. Act § 19, subd. "a," Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429], entitles a person against whom an involuntary petition has been filed to a jury trial of the question of his insolvency and any act of bankruptcy alleged to have been committed. Subdivision "c" declares that the right to submit matters in controversy to a jury shall be determined according to the laws of the United States in relation to trials by jury; and section 18, subd. "d," gives the bankrupt or any of his creditors the right to appear and "controvert the facts alleged in the petition." *Held*, that the right to a jury trial of the question of an involuntary bankrupt's insolvency and of alleged acts of bankruptcy was limited to the bankrupt, and could not be extended to intervening creditors contesting such issues.

Appeal from the District Court of the United States for the Southern District of California.

Oscar Lawler and Carroll Allen, for appellants.
Dunning & Craig, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. On the 14th day of October, 1901, an involuntary petition in bankruptcy was filed by the appellees against one Jacob Herzikopf. The subpœna issued thereon was served on the same day, and made returnable October 9th. The appellants, inter-

vening creditors of the bankrupt, filed a demurrer to the petition on the 17th day of October, and on the 19th day of the same month filed a motion to dismiss the proceedings. On the 20th day of October the demurrer and motion were, after argument, overruled by the court, and an order was thereupon entered allowing the interveners 10 days from that time within which to answer, which they did on the 7th day of November, 1901, in which answer they raised "an issue in respect to both the insolvency of said Jacob Herzikopf and also of the several acts of bankruptcy alleged in said petition," and also "demanding that the issues therein raised should be inquired of by a jury." The court below denied them a jury trial, which action constitutes the sole ground of the present appeal.

It is declared by sections 648, 649, and 566 of the Revised Statutes [U. S. Comp. St. 1901, pp. 525, 461] that, except where a jury is waived by written stipulation of the parties in a civil action, the trial of issues of fact in the Circuit and District Courts shall be by jury, except in cases in equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy. By section 19, subd. "a," of the present bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), it is provided that "a person against whom an involuntary petition has been filed shall be entitled to have a trial by jury, in respect to the question of his insolvency, except as herein otherwise provided, and any act of bankruptcy alleged in such petition to have been committed, upon filing a written application therefor at or before the time within which an answer may be filed. If such application is not filed within such time, a trial by jury shall be deemed to have been waived." Subdivision "c" of the same section declares that "the right to submit matters in controversy, or an alleged offense under this act, to a jury, shall be determined and enjoyed, except as provided by this act, according to the United States laws now in force or such as may be hereafter enacted in relation to trials by jury." Subdivision "d" of section 18 gives to the bankrupt or any of his creditors the right to appear and "controvert the facts alleged in the petition."

The argument for the appellants is that any defense which would be open to the bankrupt is open to all of his creditors, including the method of making it. The difficulty in the way of the appellants is that, except in certain specified particulars, within which the present case does not come, proceedings in bankruptcy are of an equitable nature (Bardes v. Hawarden Bank, 178 U. S. 524, 534, 535, 20 Sup. Ct. 1000, 44 L. Ed. 1175), in respect to which, it must be conceded, the right to a jury trial does not exist. Of course, in the exercise of the jurisdiction at law conferred on the bankruptcy courts, as, for instance, the power to "arraign, try, and punish bankrupts, officers, and other persons, and the agents, officers, members of the board of directors or trustees, or other similar controlling bodies, of corporations for violations of this act, in accordance with the laws of procedure of the United States now in force, or such as may be hereafter enacted regulating trials for the alleged violation of laws of the United States," there goes the concomitant right to trial by jury. But in proceedings not at law, but relating, as does the case at bar, to the question of the in-

solvency of the alleged bankrupt, and to acts of bankruptcy alleged to have been committed by him, it is quite clear, we think, that no right to a jury trial exists unless the bankruptcy act expressly or by necessary implication gives it. It is not claimed that it is expressly given to any creditor. It is given, with certain limitations, to the "person against whom an involuntary petition has been filed" by the clause above quoted. But even the bankrupt is by the statute restricted in his right to a jury trial to the issues specifically mentioned, to wit, his insolvency and any act of bankruptcy committed by him. These express limitations of the right to a jury trial clearly manifest, under the familiar maxims, "Expressio unius est exclusio alterius," and "Expressum facit cessare tacitum," the intention of Congress to withhold it from all others, and in all cases, in such of the proceedings in bankruptcy as are of an equitable nature.

These views render it unnecessary to consider the point made in respect to the time within which the demand for a jury trial must be made. The judgment is affirmed.