## UNITED STATES FIDELITY & GUARAN-TY CO. v. GEORGE PROCESS, Inc. et al.

### No. 12720.

United States Court of Appeals
Fifth Circuit.

July 8, 1949.

S. Paul Weiss, Jr., New Orleans, La., for appellant.

Albert B. Koorie, New Orleans, La., and Isaac S. Heller, New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is under Section 24, a and b of the Bankruptcy Act, 11 U.S.C.A. § 47, a and b, and is from an interlocutory order overruling a motion to dismiss the claims of George Process, Inc., and Lafayette Engineering & Tool Company, Inc., appellees, asserted by summary process, for court costs, counsel fees, expenses, and damages, for the wrongful seizure of 57 brick-making machines. The facts as

found by the court are in substance as follows:

On October 28, 1946, F. X. Gomila and George Process Sales Company, Inc., filed an involuntary petition in bankruptcy against George Process, Inc., and likewise a petition for the appointment of a temporary receiver, who was appointed accordingly. On November 6, 1946, a petition was filed, praying for the seizure of said 57 machines, which were then in the possession of the Lafayette Engineering & Tool Company, Inc. The order granting this petition provided for an indemnity bond in the sum of $5000; and on the same day another order provided for the filing, nunc pro tunc, of a bond in the sum of $10,000; both bonds have the same principal obligors, the same surety (the appellant), the same nominal obligee (the United States); both were filed in this case, in the office of the clerk of the court below, pursuant to Section 69 of the Bankruptcy Act, 11 U.S.C.A. § 109; both were required by order of the court to protect the party named therein against the costs, counsel fees, expenses, and damages, that might be caused by the improper seizure and detention of properties belonging to the alleged bankrupt; and both were filed and approved on the same day, November 7, 1946, though the one for $10,000 was permitted to be filed nunc pro tunc, while the one for $5000 was to take effect only from the date of its approval.

██ Reduced to its simplest form, the question presented is this: Did the bankruptcy court, upon the application of any party in interest, after notice, have jurisdiction in a summary proceeding to determine the damages flowing from a breach of said bonds or either of them, and by appropriate process to enforce the collection thereof from those liable on the bonds? We think it did, and that the court below correctly so held. The two principal obligors on the bonds were the petitioning creditors in an involuntary proceeding in bankruptcy; they requested the seizure of the alleged bankrupt's property; for that purpose they furnished the two indemnity bonds above mentioned; the seizure was thereby obtained, and was finally decreed to have been wrongful, because the proceeding was brought in the wrong district. The involuntary petition in bankruptcy was not dismissed for want of jurisdiction over the subject matter, but because the alleged bankrupt had no principal office and transacted no business within the territorial jurisdiction of the court.

Section 69, a of the Bankruptcy Act provides for the procedure that was followed in this case with reference to filing the bonds and taking charge of the involuntary bankrupt's property. Section 69, b of said Act provides that, if the adjudication be dismissed, the court shall fix, and allow to the bankrupt, to be paid by the obligors on said bond, the costs, counsel fees, expenses, and damages, occasioned by such seizure or detention of his property, "in the manner provided by section 50, subdivision n, of this act." Said Section 50, n, 11 U.S.C.A. § 78, n, is as follows: "In the event of the breach of any obligation of a bond furnished pursuant to this Act, the court may, upon application of any party in interest and after notice, summarily determine the damages and by appropriate process enforce the collection thereof from those liable on the bond."

██ George Process, Inc., alleged involuntary bankrupt, was the owner of the brick-making machines that were seized. The Lafayette Engineering & Tool Company, at the time of the seizure, was in actual possession of these machines, and had a manufacturer's lien thereon. It was a party in interest within the meaning of said subdivision n of said Section 50. The summary procedure authorized by said subdivision n is not restricted to bonds provided for under said Section 50, but extends to the breach of any bond furnished pursuant to the Bankruptcy Act, which of course includes bonds that were furnished and approved under Section 69 of said Act. The interlocutory order appealed from is affirmed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Affirmed and remanded.