**UNITED STATES FIDELITY & GUARANTY CO. et al. v. LAFAYETTE ENGINEERING & TOOL CO., Inc.**

No. 13349.

United States Court of Appeals
Fifth Circuit.

April 25, 1951.

S. Paul Weiss, New Orleans, La., for appellant.

Isaac S. Heller, New Orleans, La., for respondent.

Before HUTCHESON, Chief Judge, and McCORD, Circuit Judge, and WRIGHT, District Judge.

McCORD, Circuit Judge.

We consider it unnecessary to restate the facts of this case at length, for the reason that a clear and concise statement of the material facts and law applicable to the present controversy is embodied in the opinion of this court issued upon the former appeal. See U.S. Fidelity & Guaranty Co. v. George Process, Inc., 5 Cir., 175 F. 2d 844. We there held that a bankruptcy court had jurisdiction under the Bankruptcy Act in a summary proceeding to determine and assess the damages resulting from a wrongful and improper seizure of property of bankrupt on which a third party held a manufacturer's lien, and that it was empowered in such proceeding to enforce collection in favor of the lienholder from the principals and surety of an indemnity bond provided by the creditors under the Bankruptcy Act. The case was remanded to the district court for a determination of the amount of damages which resulted from the wrongful seizure.

The district court found upon a hearing that appellee, Lafayette Engineering and Tool Company, Inc., by virtue of its lien upon the property wrongfully seized, was entitled to recover its costs, counsel fees, expenses and damages occasioned by the wrongful seizure as against the surety, United States Fidelity and Guaranty Company, and the creditors of the bankrupt, F. X. Gomila and George Process Sales Company, Inc., in the amount of $4,689.27. Judgment against the surety was limited to the amount of $5,000.00 provided for in its bond, while a further judgment for damages in excess of the bond was entered in favor of appellee against the creditors, F. X. Gomila and George Process Sales Company, Inc., in the amount of $5,972.73, making the aggregate judgment $10,622.00.

The principal question confronting us for determination upon this appeal is whether the amount of damages awarded by the district court is reasonable or excessive. In this connection, we consider it sufficient to observe that a careful examination of the record evidence convinces us that the aggregate award is moderate, and entirely commensurate with the damage proved.

We find no merit in the contentions that appellee's right to assert its claim under the bond expired, or that the bond did not purport to indemnify a lienholder. Here, the bond was given to indemnify appellee for costs, fees, expenses and damages "occasioned by improper seizure". The seizure has been held wrongful and improper. Moreover, it has been settled that appellee is a "party in interest" with respect to the seized property, within the meaning of paragraph n of Section 50 of the Bankruptcy Act, 11 U.S.C.A. § 78, sub. n. As such, it is clearly entitled to protection. U.S. Fidelity & Guaranty Co. v. George Process, Inc., 5 Cir., 175 F.2d 844.

Affirmed.