Benjamín Rodríguez Ramon, Hato Rey, P. R., for trustee.

Enrique Igaravidez, San Juan, P. R., for bankrupt.

E. Martínez Rivera, San Juan, P. R., for appellants.

**In the Matter of Virgilio MARTINEZ, Bankrupt.**

**No. B–1–67.**

United States District Court, D. Puerto Rico.

April 1, 1970.

## ORDER

FERNANDEZ-BADILLO, District Judge.

A petition for review of an order rendered by the referee on October 15, 1968 and the referee's certificate thereon have been presented to this Court. The facts revealed by the certified record submitted are essentially as follows:

The proceedings before the referee began with the filing of a petition for relief under Chapter XI and pursuant to debtor's confirmed plan surety bonds totalling $20,000.00 were filed to guarantee his arrangement. An amended plan of arrangement was confirmed by order [1] of

---

1. Paragraph numbered 9 of said order granting approval of the bonds specifies that:
   "Bonds to guarantee payment of the last $20,000 of debtor's arrangement have been filed herein and are hereby approved; prior bonds filed herein in the amount of $30,000.00 are hereby released and ordered cancelled."

August 28, 1967 and the bonds were approved by the referee therein.

The debtor was unable to carry out the proposed arrangement and by order of June 5, 1968 the referee dismissed the proceeding under Chapter XI and made an adjudication in bankruptcy. On August 16, 1968 the trustee filed a Motion for a Turnover Order. Said motion sought an order requiring the sureties which had guaranteed monthly payments under the amended plan of arrangement to turn over to the estate the amount of $20,000. This was followed by an Order to Show Cause issued four days later by the referee directing the sureties to turn over to the estate the aggregate amount of $20,000 in the proportion stated in their respective compliance bonds on or before September 19, 1968 or in the alternative to appear on that date and show cause why the said payments should not be made. The day before the date fixed in the show cause order one of the sureties, Compañía de Fianzas de Puerto Rico, filed a "Special Appearance" alleging that the bankruptcy court had no jurisdiction to hear and decide the trustee's motion seeking an order requiring it to turn over the sum of $5,000 under its bond. The controversy which thus arose over the exercise of summary jurisdiction by the bankruptcy court was resolved by order of October 15, 1968 directed to all of the sureties involved in which the referee upheld jurisdiction under Sections 50(n) and 2(a) (7) of the Bankruptcy Act and fixed October 31,

1968 as the new date on which to hear the parties on the show cause order previously issued.[2] The five sureties timely filed a petition for review of such order and the same came on for hearing before the undersigned judge. At the outset I deem it convenient to state that of the four questions presented by the referee in his certificate of review the Court is concerned with the revision of two of them only, to wit:

(a) whether the referee has summary jurisdiction under Section 50 (n) to hear the matter, and

(b) whether the sureties have acquiesced to the Bankruptcy Court's jurisdiction by filing a bond.

The issue of whether the order adjudicating debtor a bankrupt exonerated the sureties is not one to be interpreted at this stage of the proceedings. All that is before the Court at this moment is a preliminary inquiry as to the jurisdictional point which was brought forth by the sureties' formal protest, in the form of a special appearance against the exercise of summary jurisdiction by the bankruptcy court. The merits of the trustee's claim and the liability, if any, of the sureties are to be determined by the bankruptcy court in subsequent proceedings before it should I find that it has summary jurisdiction over the matter. With this self-imposed limitation which was necessary to make a proper revision of the controversies, I now pass on to consider the challenge to the jurisdiction.

2. In the words of the referee,

"After considering the said motion, the special appearances in question, and after the matter having been argued by counsels for the trustee and sureties, respectively, we are now duly advised in the premises and hereby rule that this court has summary jurisdiction to act in regard thereof, whereby sureties' special appearance is hereby denied. We are of the opinion that under Section 50(n) of the Bankruptcy Act, the breach of any obligation of a bond, furnished pursuant to this Act, may be disposed of sum-

marily. We furthermore, rule that filing of said bonds before the Court in compliance with debtor's amended plan of arrangement, is sufficient acquiescence to the summary jurisdiction of the Court, under Section 2(a) (7) of the Act.

In view thereof sureties are hereby ordered to show cause before the undersigned on October 31, 1968, at 2:00 p. m., why an order should not be entered directing them to pay to the estate the $20,000.00 above mentioned."

Subdivision "n" added to Section 50 by the 1938 amendment, 11 U.S.C. § 78(n), empowers a court of bankruptcy upon application of a party in interest and after notice, to determine summarily the damages resulting from the breach of a bond furnished pursuant to the Act.[3] The language of Section 50(n) explicitly authorizes summary disposition over the enforcement of bond obligations. It has been held that the summary procedure authorized by said subdivision (n) is not restricted to bonds provided for under Section 50 but extends to the breach of any bond furnished pursuant to the Bankruptcy Act. United States Fidelity & Guaranty Co. v. George Process, 175 F.2d 844, 845 (5th Cir., 1949). The present situation where the sureties have been required to show cause why they should not be held liable on their bonds falls within the scope of the summary jurisdiction bestowed by § 50(n).

The aggrieved sureties have also argued in their reply brief that under Section 19(c) of the Bankruptcy Act, 11 U.S.C. § 42(c) they have the right to submit to a jury any claim that the trustee may make under the bonds. Suffice it to say that the right to jury trial under Section 19(c) is confined to the debtor only who must make a timely demand in writing. Collier on Bankruptcy, Vol. 2, § 19.03. (Fourteenth Edition, 1966); In re Herzikopf, 121 F. 544 (9th Cir., 1903).

In accordance with the aforestated reasons it is now ordered that the Referee's order of October 5, 1968 be and the same is hereby affirmed.

---

3. The Treatise of Collier on Bankruptcy, Vol. 2, § 50.15, Fourteenth Edition, qualifies subdivision (n) as "the most significant change effected in the section." Prior to the 1938 Amendment a suit on a bond was plenary. Citing from House Report No. 1409, 75th Cong., 1st Sess. (1937) 2 it states:

"The amendment gives the court of bankruptcy power to enforce by sum- mary proceedings recovery on bonds filed with it. The right to do this now is questionable, although it seems ridiculous that it should be necessary to go into another forum to enforce the obligations of the bonds. This express grant of power is, of course, in the interest of efficiency."